**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Calvin Raymond ROGERS, Defendant–Appellant.**

**No. 90–8023**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 31, 1990.

---

Linda M. Gassaway (Court-appointed), Waco, Tex., for defendant-appellant.

Calvin Raymond Rogers, Belton, Tex., pro se.

LeRoy Morgan Jahn, Michael R. Hardy, Asst. U.S. Attys., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, JOLLY and JONES, Circuit Judges.

PER CURIAM:

Calvin Raymond Rogers appeals his sentence imposed following his guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a). We affirm.

I.

Rogers was arrested following a report to police that a suspicious vehicle was parked outside of a warehouse. Police questioned Rogers and his companion. Rogers identified himself by the alias of Ken Southern. A record check indicated an outstanding warrant for his companion. She was placed under arrest and a quantity of marijuana was found in her purse. Because of his alias, no information was immediately obtained on Rogers. However, one of the officers observed a Smith and Wesson .357 magnum revolver protruding from a pocket in the door near the driver's seat occupied by Rogers. He was placed under arrest for unlawfully carrying a concealed weapon. The police later determined Rogers' true identity, and that he was a convicted felon. He subsequently pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a).

Rogers has an extensive criminal record. Since 1974, at the age of 24, he has been arrested and convicted 11 times for offenses ranging from public intoxication and DWI to criminal trespass, burglary and theft, conspiracy to import marijuana, and possession of controlled substances, among others. He has been arrested on eight other occasions where charges were either dismissed or never filed. The presentence investigative report (PSI) filed in this case computed his criminal history at level VI, which encompasses histories totalling points of "13 or more." Rogers' point total was calculated to be 21: 18 points for his previous crimes, enhanced by two points because he was on mandatory supervision from the Texas Department of Corrections, U.S.S.G. § 4A1.1(d), and further enhanced by one point because of his release on mandatory supervision less than two years before the instant offense, *id.* § 4A1.1(e).

The base offense level for possession of a firearm by a felon is nine points. *Id.* § 2K2.1(a). To this the district court added an enhancement of two points for willful obstruction of justice, *id.* § 3C1.1, which entailed his use of an alias when confronted by police investigation. The district court denied Rogers any decrease for acceptance of responsibility. The district court also refused the PSI recommendation for enhancement because Rogers committed the instant offense as part of a pattern of criminal livelihood. *Id.* § 4B1.3. Therefore, Rogers' total offense conduct totalled 11. Based on a criminal history category

of VI, the guidelines recommended a sentencing range of 27–33 months.

Because of the high criminal history point total, the district court departed upward, stating:

> The criminal history score is ... twenty-one. And the maximum envisioned by the Sentencing Commission was 13, so I take the position that that is a factor that they did not consider. They just didn't consider that there would be sufficient number of opportunities when courts would encounter defendants with a criminal history score as high as this particular one, and therefore, the table was not expanded on beyond Roman numeral VI, as it should have been. The Court does intend to depart in an upward mode in this case.

The government also stated on the record that the court would be justified in considering upward departure because Rogers had been released early on several occasions and returned to a life of crime, and because in the present case he had to be rearrested after fleeing the jurisdiction between his plea of guilty and sentencing. The court imposed a sentence of 48 months imprisonment, supervised release of three years, a $3000 fine, participation in a drug abuse program, and a $50 special assessment. The maximum sentence permitted under 18 U.S.C. § 924(a) is five years imprisonment and a $5000 fine.

## II.

Rogers alleges three points of error concerning his sentence: (1) the court erred in finding an obstruction of justice warranting enhancement; (2) the court abused its discretion in departing upward from the guideline range; and (3) the court failed to articulate reasons for its upward departure.

### A. Obstruction of Justice

■ Rogers argues that enhancing his conduct for use of an alias is not comprehended by the obstruction of justice guideline, which provides in full:

> If the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice *during the investigation* or prosecution *of the instant offense,* increase the offense level by 2 levels.

U.S.S.G. § 3C1.1 (emphasis added). When the error charged is one of law, we give full review to the application of the guidelines. *United States v. Mourning,* 914 F.2d 699, 704 (5th Cir.1990). However, the district court's finding of obstructive conduct is a factual conclusion subject to a more limited review which turns upon whether the conclusion is clearly erroneous. *United States v. Pierce,* 893 F.2d 669, 677 (5th Cir.1990).

Rogers' argument recognizes that section 3C1.1 requires a nexus between the obstruction and the offense at issue in the case. However, he then contends that, if giving an alias could be viewed to obstruct justice, it was his purpose here to obstruct only arrest and prosecution for offenses made the subject of warrants which the officers were checking. Use of the alias, he maintains, could not obstruct his arrest for the weapons offense, which necessarily followed discovery of the .357 magnum. He also argues that, since his concealment of his true identity only impeded the police for a brief period, any obstruction of justice was not sufficient to warrant enhancement.

■ These arguments are patently without merit. Section 3C1.1 comprehends impediments and obstructions by a defendant during the investigation or prosecution of an offense. While the application notes are informative, they do not address the exact issue at hand: whether this guideline comprehends the use of an alias to hinder or thwart an officer's record search for outstanding warrants. However, that list of obstructive conduct is not intended to be exhaustive. *United States v. Rivera,* 879 F.2d 1247, 1254 (5th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 554, 107 L.Ed.2d 550 (1989). The brevity of the obstruction and the length of time the defendant diverted the police are not relevant considerations to whether obstructive conduct occurred. *See United States v. Baker,* 894 F.2d 1083, 1084 (9th Cir.1990) (sec-

tion 3C1.1 covers "attempted" as well as actual obstruction, even where probation officer was not misled by misstatements concerning criminal history). Therefore, the district court did not err in enhancing Rogers' offense conduct for use of an alias. This is the same position taken by other circuits. *See, e.g., United States v. Mata-Grullon*, 887 F.2d 23, 24 (1st Cir.1989); *United States v. Irabor*, 894 F.2d 554, 555–56 (2d Cir.1990); *United States v. Saintil*, 910 F.2d 1231, 1232–33 (4th Cir.1990); *United States v. Brett*, 872 F.2d 1365, 1372–73 (8th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 322, 107 L.Ed.2d 312 (1989); *United States v. Rodriguez–Macias*, 914 F.2d 1204 (9th Cir.1990).

Had his alias not been refuted through subsequent investigation, Rogers' misrepresentation of his true identity would have concealed his prior criminality from the officers and allowed him to escape conviction of his present offense. While by its own terms this guideline indicates there must be a connection between the obstruction and the "instant offense," this link exists here without question. Therefore, this finding by the district court was not clearly erroneous.

### B. Discretion and Departure

■ Rogers argues that the district court abused its discretion when departing from the recommended guideline range because of his excessive criminal history point total. An upward departure is permissible when an aggravating circumstance exists that was not adequately taken into consideration by the guidelines. 18 U.S.C. § 3553(b). *See United States v. Geiger*, 891 F.2d 512, 513 (5th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 1825, 108 L.Ed.2d 954 (1989). The crux of Rogers' contention is that the Sentencing Commission in fact took into account high criminal history point totals because category VI covers "13 or more" points. Section 4A1.3 of the guidelines, which comes in the form of a non-binding policy statement, refutes this argument:

The Commission contemplates that there may, on occasion, be a case of an egregious, serious criminal record in which even the guideline range for a Category VI criminal history is not adequate to reflect the seriousness of the defendant's criminal history. *In such a case, a decision above the guideline range for a defendant with a Category VI criminal history may be warranted.*

U.S.S.G. § 4A1.3 (policy statement) (emphasis added). In light of section 4A1.3, "this Court has repeatedly held that an upward departure from the guidelines because a criminal history category does not adequately reflect a defendant's past criminal history is not improper." *United States v. Harvey*, 897 F.2d 1300, 1306 (5th Cir.1990). The district court did not abuse its discretion by departing from the guidelines. *See United States v. Roberson*, 872 F.2d 597, 601 (5th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989).

■ Rogers also attacks the reasonableness of the departure made. However, once a district court has stated appropriate reasons allowing departure, "the precise length of the sentence [based on the departure] need not be justified." *Geiger*, 891 F.2d at 514. Because Rogers' sentence does not exceed the maximum sentence provided by statute, he may not challenge the additional term the district court applied after its point of departure. *Id.* "Nothing ... requires the sentencing judge to justify his choice of sentence further by explaining, for example, why 120 months is more appropriate than 100 months." *Roberson*, 872 F.2d at 607.

### C. Articulation of Reasons for Departure

■ Rogers last argues that the district court failed to articulate specific reasons for departure. While the district court must articulate reasons permitted by the guidelines for departure, its finding that criteria for departure exist is reviewed on appeal under the "clearly erroneous" standard. *Roberson*, 872 F.2d at 607.

■ The district court's reasoning set out above clearly based the departure on Rogers' excessive criminal history. "It is enough that, as here, the sentencing judge

addresses the defendant's arguments and complies with applicable legal limits in a manner that is comprehensible when the sentencing hearing is viewed in the context of the record—including the presentence investigation—as a whole." *United States v. Lopez–Escobar,* 884 F.2d 170, 173 (5th Cir.1989).

We do not subject the district court's form of words to such legalistic analysis that will either make a judge reluctant to sentence outside the guidelines when appropriate, or encourage a judge to state his reasons in a standardized manner. *United States v. Mourning,* 914 F.2d 699, 708 (5th Cir.1990). The court could have linked its departure here to reasoning in past cases, or spoken at greater length of Rogers' background, recidivism and criminal propensity. However, its failure to do so does not constitute error. The statement made was completely adequate.

### III.

The judgment appealed from is AFFIRMED.