### UNITED STATES of America,
### Plaintiff–Appellee,

v.

### Adan Calvo RODRIGUEZ, a/k/a Adan Rodriguez, a/k/a Ambrosio Munoz Orozco, a/k/a Adan Munoz Calvo, Defendant–Appellant.

### No. 90–2969
### Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 11, 1991.

Roland E. Dahlin, II, Federal Public Defender, Marjorie A. Meyers, Thomas G.

---

Lindenmuth, Asst. Federal Public Defenders, Houston, Tex., for defendant-appellant.

James L. Turner, Paula C. Offenhauser, Asst. U.S. Attys., Ronald G. Woods, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before GARWOOD, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:

Adan Calvo Rodriguez appeals a sentence imposed after he pled guilty to making a false statement during the acquisition of a firearm. Finding no reversible error in the district court's decision to adjust Rodriguez's offense level upward two points for obstruction of justice, and to deny a downward adjustment for acceptance of responsibility, we affirm.

I.

On April 22, 1990, United States Customs inspectors arrested the defendant at the Roma, Texas, Port of Entry after they discovered firearms and ammunition in the gas tank of his automobile. He identified himself as Adan Calvo Rodriguez, a native of Puerto Rico, and admitted to purchasing the firearms in Houston, Texas. The police subsequently learned that Rodriguez had a previous aggravated rape conviction in Harris County, Texas, and a grand jury charged him with being a felon in possession of firearms. See 18 U.S.C. § 922(g)(1). Pursuant to a plea agreement with the government, Rodriguez entered a plea of guilty to a superseding information charging him with making a false statement during the acquisition of a firearm. See 18 U.S.C. § 922(a)(6).

During the presentence investigation and interview, the Probation Office discovered that Rodriguez had a history of convictions under different names. When asked by the probation officer interviewing him about his criminal history, he readily admitted the 1981 aggravated rape conviction under the name Ambrosio Munoz–Orozco and a 1986 felon in possession of a firearm

conviction under the name Adan Calvo Rodriguez. The probation officer had also discovered a 1978 border arrest under the name Alejandro Serrano–Garcia. When confronted by the probation officer, Rodriguez readily admitted that the United States Border Patrol had apprehended him in 1978 and that he had voluntarily returned to Mexico.

Despite his checkered past, Rodriguez consistently maintained, from his arrest through the sentencing hearing, that Rodriguez was his true name. He produced a Puerto Rican birth certificate in support of this claim, but the Probation Office in Puerto Rico determined that the birth certificate was fraudulent. The probation officer responsible for the presentence investigation report also contacted Marvela Orozco, Rodriguez's half-sister through his mother. She told the officer that his name was Ambrosio Munoz–Orozco and that he was a Mexican citizen; Rodriguez maintains that the officer pressured her into making these statements.

Believing that Rodriguez was really Ambrosio Munoz–Orozco, the Probation Office recommended that the district court adjust his offense level upward two points for obstruction of justice and deny a downward adjustment for acceptance of responsibility. See U.S. Sentencing Commn., *Guidelines Manual* §§ 3C1.1 and 3E1.1 (1990). Rodriguez objected, but the district court agreed with the Probation Office:

The base offense level in this case is 12.

Pursuant to Guideline Section 3(C)1.1 the Court will grant a plus 2 for obstruction of justice in this case, in that the Court is going to find that the defendant has presented an incorrect identification card in this case to the Court through its probation officer identifying himself as an American citizen born in Puerto Rico under the name Adan Calvo Rodriguez, when in truth and in fact investigation by the Probation Office has indicated that that card does not belong to that name and this individual, as far as this Court is concerned and aware that that is a fake card, and that he has a history, extensive history of prior aliases, he has

used his real name Orozco and changed that apparently at the time he received his first conviction in 1981 for a felony, changed that at that point based on his own admission to Adan Rodriguez, and started using that name, and he has a conviction under Adan Rodriguez for felon in possession of a weapon in 1986, and he also has prior voluntary return to Mexico under Alejandro Serrano–Garcia, and therefore the Court feels that it is convinced by the standard required by law that he has obstructed justice in presenting a fake identification card for citizenship and has used a false name, and that the Court is going to find that based on the information here his true name is under Mr. Orozco as presented in this Presentence Investigation Report.

His adjusted level would be 14.

Under the facts in this case the Court does not feel that it can give him acceptance of responsibility when he continues to attempt to allege that he is someone he is not with regards to his obstruction of justice in this case, and therefore the Court does not feel that he has indicated true remorse and started on his way to rehabilitation under this kind of conduct.

His total offense would be 14.

Combined with his criminal history, Category IV, the offense level of 14 produced a recommended sentencing range of 27 to 33 months. The district court sentenced him to 33 months in prison, and he now appeals the sentence to this court.

## II.

### A. *Obstruction of justice:*

█ Rodriguez does not expressly challenge the district court's finding that his actual name is Munoz–Orozco as clearly erroneous. He instead contends that, even if there was no clear error in the finding, the court still erred in adjusting the offense level upward for obstruction of justice because his use of the alias was "immaterial." He points out that he readily admitted his 1981 aggravated rape conviction and his 1986 felon in possession of a firearm conviction to the probation officer during his presentence investigation inter-

view. Although he only admitted the 1978 border arrest when confronted by the probation officer, he contends that he initially understood the officer to be inquiring only about criminal proceedings.

Section 3C1.1 authorizes a two-level upward adjustment if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." We review the district court's interpretation of the Sentencing Guidelines *de novo* and its factual finding of obstructive conduct for clear error. *See United States v. Rogers*, 917 F.2d 165, 168 (5th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 1318, 113 L.Ed.2d 252 (1991).

In *Rogers*, the defendant identified himself with an alias both at the time of his arrest and during a subsequent police investigation. The police eventually learned his true identity and discovered an extensive criminal history. We upheld an upward adjustment under § 3C1.1 over the defendant's argument that the police were only impeded for a brief period, reasoning that the provision covers attempted obstructions as well as actual obstructions of justice. *See Rogers*, 917 F.2d at 168–69; *see also United States v. Blackman*, 904 F.2d 1250 (8th Cir.1990); *United States v. Baker*, 894 F.2d 1083 (9th Cir.1990); *United States v. Patterson*, 890 F.2d 69 (8th Cir.1989).

If *Rogers* were still controlling, Rodriguez's "materiality" argument would clearly lack merit. This court and others then viewed aliases as obstructions of justice because of their *potential* to hinder law enforcement. As the Eighth Circuit explained in *Blackman:*

> Materiality is distinct from actual prejudice to the government. A false statement is material if it is capable of influencing the investigation or prosecution of the offense. Clearly the identification of the defendant is a material fact.

*Blackman*, 904 F.2d at 1259 n. 11.

█ After *Rogers* was decided, however, the Sentencing Commission clarified the in-

tended application of § 3C1.1 in an amendment to the Commentary effective November 1, 1990. Because the purpose of the amendment was to clarify § 3C1.1, and not to effect any substantive changes, the amended Commentary is relevant to our resolution of this appeal. *See Guidelines Manual,* App. C., note 347; *United States v. Aguilera–Zapata,* 901 F.2d 1209, 1213–14 (5th Cir.1990).

The amended Commentary provides nonexhaustive lists both of the types of conduct to which the enhancement is intended to apply and of less serious conduct to which the enhancement is *not* intended to apply. Acts to which the enhancement is intended to apply include:

> (c) producing or attempting to produce a false, altered, or counterfeit document or record during an official investigation or judicial proceeding; ...
> (f) providing materially false information to a judge or magistrate;
> (g) providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense;
> (h) providing materially false information to a probation officer in respect to a presentence or other investigation for the court; ....

Application Note 3. But the enhancement is not intended to apply to:

> (a) providing a false name or identification document at arrest, except where such conduct actually resulted in a significant hindrance to the investigation or prosecution of the instant offense; ...
> (c) providing incomplete or misleading information, not amounting to a material falsehood, in respect to a presentence investigation; ....

Application Note 4.

The amended Commentary thus gives some new substance to Rodriguez's argument. The fact that he claimed to be Rodriguez at his arrest and during the police investigation does not support the adjustment because the alias did not significantly hinder the investigation. *See* Application Notes 3(g) and 4(a); *United States v. Ur-*

*banek,* 930 F.2d 1512 (10th Cir.1991) (reversing adjustment because alias did not significantly impede investigation). And, although we do not decide the issue, the fact that he claimed to be Rodriguez before the probation officer and the district court judge might well have been immaterial given that he acknowledged all of his aliases. *See* Application Note 3(f), 3(h), and 4(c); *compare United States v. Gardiner,* 931 F.2d 33 (10th Cir.1991) (upholding adjustment where defendant failed to disclose true identity in three separate appearances before magistrate); *United States v. Yerks,* 918 F.2d 1371, 1375 (8th Cir.1990).

However, Rodriguez cannot escape the fact that he provided the court, through the Probation Office, with a fraudulent birth certificate. The district court expressly relied on the fraudulent birth certificate in adjusting Rodriguez's offense level, and we find express authorization for its decision in Application Note 3(c). We therefore uphold the upward adjustment for obstruction of justice.

### B. *Acceptance of responsibility:*

■ Rodriguez also argues that the district court erred in denying a downward adjustment for acceptance of responsibility. Section 3E1.1(a) authorizes a two-level downward adjustment if the defendant "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." However, a defendant who enters a guilty plea "is not entitled to a sentencing reduction under this section as a matter of right." § 3E1.1(c). And, in fact, the Commentary to § 3E1.1 specifically states that "[c]onduct resulting in an enhancement under § 3C1.1 ... ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." *See* Application Note 4.

Rodriguez points out that he admitted his guilt immediately upon apprehension. We find this fact insufficient to reverse the district court's determination. "Because of the district court's unique position to assess the defendant's acceptance of responsibility, we have held that the sentencing

court's factual determinations on this matter are entitled to even greater deference than that accorded under a clearly erroneous standard of review." *United States v. Mourning*, 914 F.2d 699, 705 (5th Cir.1990). We find support for the district court's conclusion that Rodriguez had not shown "true remorse" and agree that this is not one of those "extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." Application Note 4.

The judgment of the district court is AFFIRMED.