967 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John R. ARNOLD, Defendant-Appellant.
 No. 91-10347.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 14, 1992.
Decided June 8, 1992.
 
 Before FERGUSON, REINHARDT and KOZINSKI, Circuit Judges.
 MEMORANDUM*
 The district court enhanced Arnold's sentence two levels for obstruction of justice under Sentencing Guidelines section 3C1.1 and two levels for more than minimal planning under section 2B1.1(b)(5). Arnold appeals.
 A. We agree with Arnold that the district court erred by imposing the two-level enhancement for obstruction of justice. The district court concluded that Arnold had been "less than forthright in his initial contacts with the government, his dealings with the probation office, his various attempts to make things look different from what they are. And all of those do add up to an obstruction of justice that justifies the addition of two points there." ER-63.
 As to "initial contacts with the government," the district court relied on Arnold's false statements to the police. However, the court did not make a finding that Arnold had "significantly obstructed or impeded the official investigation or prosecution of the instant offense," which is a requirement for enhancement on this basis. See U.S.S.G. § 3C1.1, Application Note 3(g) (Nov. 1, 1990); United States v. Williams, 952 F.2d 1504, 1514-16 (6th Cir.1991); United States v. Fiala, 929 F.2d 285, 289-90 (7th Cir.1991); United States v. Moreno, 947 F.2d 7, 9-11 (1st Cir.1991); United States v. Rodriguez, 942 F.2d 899, 901-02 (5th Cir.1991), cert. denied, 112 S.Ct. 990 (1992); United States v. Urbanek, 930 F.2d 1512, 1514-16 (10th Cir.1991).
 As to statements to the probation officer, the district court made no finding that any information provided was "materially false" as is required by Application Note 3(h) to section 3C1.1. Nor did the probation officer's presentence report conclude that the there were any false statements to the probation officer that justified the obstruction of justice enhancement. Thus, we cannot affirm the enhancement on this basis.[1]
 
 
 1
 B. Arnold argues that the enhancement for more than minimal planning was erroneous. We disagree. As the district court concluded, "there clearly was more than minimal planning here." ER-63. On a number of occasions, Arnold arranged for stolen tapes to be shipped to him for storage and subsequent resale. See U.S.S.G. § 1B1.1, Application Note 1(f) (" 'More than minimal planning' is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune."). Arnold also used a false name. See id. (" 'More than minimal planning' also exists if significant affirmative steps were taken to conceal the offense.").
 
 
 2
 SENTENCE VACATED; REMANDED FOR RESENTENCING.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The probation officer recommended a two-level enhancement on the basis that Arnold had given government investigators a letter addressed to Arnold that was signed by "Jack West," Arnold's alias. Because the district court did not rely on this letter for enhancement, we need not consider whether this letter is a "document" under Application Note 3(c) of section 3C1.1