IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 91-8178

_____


UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

v.

KENNETH L. McDONALD
a/k/a CLIFTON TYRONNE DAMES,

                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

(June 15, 1992)

Before HILL,[*] KING, and DAVIS, Circuit Judges.

PER CURIAM:

     Kenneth L. McDonald appeals his sentence, arguing that the
district court erred in refusing to reduce his offense level for
acceptance of responsibility.  McDonald also argues that the
district court erred in increasing his sentence for obstruction
of justice and under the career offender provisions of the United
States Sentencing Guidelines.  We affirm.

I.  STATEMENT OF THE CASE

     McDonald was stopped for running a stop sign.  During the
stop, the police officer saw two syringes on the floorboard and a

_____

     [*]James C. Hill, Senior Circuit Judge, Eleventh Circuit,
sitting by designation.

loaded clip for a semi-automatic pistol. McDonald's car was impounded and an inventory search revealed 47 balloons containing heroin, a loaded .38 caliber revolver, a loaded 9 mm semi-automatic pistol, and a small bag of marijuana. McDonald was then arrested and searched.

McDonald identified himself to the police officers as Clifton Tyronne Dames. The automobile he was driving was registered to that name in Miami, Florida. McDonald continued to identify himself as Dames when he was interviewed by a pretrial services officer and when he appeared before the magistrate. An agent of the Bureau of Alcohol, Tobacco, and Firearms eventually learned that McDonald was using an alias. As a result of this discovery and McDonald's prior conviction record, a superseding indictment was returned against him adding, inter alia, a count of possession of a firearm by a felon. McDonald pled guilty to counts one and three of this superseding indictment.

A presentence report ("PSR") was prepared recommending that McDonald be denied a two-point reduction for acceptance of responsibility and that a two-level increase in offense level be imposed for obstruction of justice. The probation officer also found that the career offender provisions of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") applied to McDonald. The district court overruled McDonald's objections to these points in the PSR and sentenced him to 142 months of imprisonment on count one and 120 months of imprisonment on count three, the sentences to be served consecutively.

## II. DISCUSSION

### A.

McDonald contends that the district court should have granted him a two-level reduction for acceptance of responsibility. A defendant is entitled to such a reduction when he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility." U.S.S.G. § 3E1.1(a). McDonald has the burden of making such a demonstration. United States v. Mourning, 914 F.2d 699, 705-06 (5th Cir. 1990). Whether a defendant has accepted responsibility is a factual determination "entitled to great deference on review." United States v. Thomas, 870 F.2d 174, 176 (5th Cir. 1989); U.S.S.G. § 3E1.1, comment.(n. 5). This deference is greater than that accorded under a clearly erroneous standard. United States v. Fabregat, 902 F.2d 331, 334 (5th Cir. 1990).

On appeal, McDonald does not argue that he clearly demonstrated an affirmative acceptance of responsibility, but rather that there was no legitimate reason to deny him the reduction. McDonald affirmatively concealed his true identity from law enforcement officials for over a month in an attempt to conceal his criminal record. This fact alone is sufficient to support the district court's finding that McDonald did not accept responsibility and was not entitled to the two-point reduction in offense level. Moreover, McDonald also denied the charges of conspiracy, possession with intent to distribute heroin, and possession of a firearm, despite the admissions in the factual

basis and the evidence against him.  See U.S.S.G. § 3E1.1, Application Note 1(c) (sentencing court may consider, in determining whether a defendant has accepted responsibility, "voluntary and truthful admission to activities of involvement in the offense and related conduct"); see also Mourning, 914 F.2d at 705-06.  The district court committed no error in denying McDonald a two-point reduction.

B.

McDonald also contends that the district court's two-level enhancement of his sentence for obstruction of justice pursuant to U.S.S.G. § 3C1.1 was improper.  We review the district court's finding that McDonald obstructed justice for clear error.  United States v. Ainsworth, 932 F.2d 358, 362 (5th Cir.), cert. denied, 112 S.Ct. 346 (1991).  Section 3C1.1 authorizes a two-level upward adjustment if the defendant "wilfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense."  See also United States v. Rodriguez, 942 F.2d 899, 901 (5th Cir. 1991), cert denied, 112 S.Ct. 990 (1992).

The Government cites United States v. Rogers, 917 F.2d 165 (5th Cir. 1990), cert. denied, 111 S.Ct. 1318 (1991), as controlling.  In Rogers, the defendant identified himself with an alias both at the time of his arrest and during a subsequent police investigation.  The police eventually learned his true identity and discovered an extensive criminal history.  We upheld

an upward adjustment under § 3C1.1 over the defendant's argument that the police were only impeded for a brief period, reasoning that even if there was no actual obstruction of justice, § 3C1.1 covered attempted obstruction as well.  Id. at 168-69.

After Rogers was decided, however, the Sentencing Commission clarified the application of § 3C1.1 in an amendment to the Commentary effective November 1, 1990, prior to McDonald's sentencing.  The amended Commentary provides that the §3C1.1 enhancement applies to, inter alia, the following acts:

> (c) producing or attempting to produce a false, altered, or counterfeit document or record during an official investigation or judicial proceeding;
> . . .
> (f) providing materially false information to a judge or magistrate;
> (g) providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense;
> (h) providing materially false information to a probation officer in respect to a presentence or other investigation for the court; . . . .

U.S.S.G. § 3C1.1, Application Note 3.

> The enhancement is not intended to apply, however, to:
>
> (a) providing a false name or identification document at arrest, except where such conduct actually resulted in a significant hindrance to the investigation or prosecution of the instant offense;
> . . .
> (c) providing incomplete or misleading information, not amounting to a material falsehood, in respect to a presentence investigation; . . . .

U.S.S.G. § 3C1.1, Application Note 4.  McDonald provided a "false name . . . at arrest" to the police.  According to Application Note 4(a), the use of a false name does not merit enhancement of the sentence unless such action "actually resulted in a

5

significant hindrance to the investigation. . . ."  For example, in Rodriquez, 942 F.2d at 902, this court found the use of an alias at the time of arrest and during the police investigation did not support an enhancement because use of the alias did not significantly impede the investigation.  See also United States v. Moreno, 947 F.2d 7, 10-11 (1st Cir. 1991) (refusing to uphold enhancement for obstruction by use of an alias at arrest where Government did not allege that alias caused significant hindrance to investigation and defendant made no false statement under oath).

If McDonald had used his alias only at the time of arrest, enhancement for obstruction of justice might not have been warranted, absent a showing of significant hindrance.  However, McDonald also identified himself to the magistrate and filed a financial status affidavit with the magistrate under the name "Dames."  Application Note 3(f) provides that the use of a false name before a judge or magistrate merits enhancement even without a showing of significant hindrance.  McDonald's behavior, according to Application Note 3(f), therefore merits a two-level enhancement.  See United States v. Gardiner, 931 F.2d 33, 34-35 (10th Cir. 1991) ("Application Note 4(a) [false statement at arrest] . . . does not control the outcome of Gardiner's case because he failed to disclose his true identity [in three appearances before] a United States Magistrate . . . ."); United States v. Urbanek, 930 F.2d 1512, 1515 n.2 (10th Cir. 1991) (Government must show significant hindrance only with regard to

aliases not given under oath); <u>United States v. Yerks</u> 918 F.2d 1371, 1375 (8th Cir. 1990) (where defendant gave alias at arrest and also signed a financial status affidavit before federal magistrate, proof of actual obstruction not necessary); <u>United States v. Patterson</u>, 890 F.2d 69, 72 (8th Cir. 1989) (defendant's refusal to reveal true name to magistrate warranted enhancement); <u>see also</u> <u>Rodriguez</u>, 942 F.2d at 902 (upholding enhancement based on Application Note 3(c) for providing court with fraudulent birth certificate); <u>United States v. Austin</u>, 948 F.2d 783, 788 (1st Cir. 1991) (district court must impose two-point enhancement under § 3C1.1 if defendant perjures himself before the court); <u>United States v. Turpin</u>, 920 F.2d 1377, 1387 (8th Cir. 1990) (reference to accomplice by use of his alias, in order to mislead investigators, merits enhancement), <u>cert. denied</u> <u>sub nom.</u> <u>Williams v. United States</u>, 111 S.Ct. 1428 (1991).

In short, because McDonald used an alias when under oath before the magistrate and in a filing before the magistrate, the district court did not err in imposing a two-level enhancement for obstruction of justice.

## C.

Finally, McDonald argues that the district court erred when it enhanced his sentence under the career offender provisions of the Guidelines. A defendant is classified as a career offender if:

> (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense,

and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1; see also United States v. Guerra, __ F.2d __, 1992 U.S. App. LEXIS 11695 (5th Cir. 1992).  McDonald does not contest factors (1) and (2).  Rather, he argues that his prior Florida burglary offenses were not, as the Government contends, felony convictions for a "crime of violence."

The term "crime of violence" is defined as "any offense under federal or state law punishable by imprisonment for a term exceeding one year that . . . involves conduct that presents a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2(1)(ii).  U.S.S.G. App. C., amend. 268, effective November 1, 1989, provides that the term "'[c]rime of violence' includes murder, manslaughter, . . . and burglary of a dwelling" (emphasis added).  McDonald argues that his prior Florida convictions were simply for "burglary," and that a burglary that is not of a dwelling is not a "crime of violence" under § 4B1.2.

The probation officer who prepared McDonald's PSR could not tell from the certified and exemplified copies of the convictions what type of burglary McDonald had committed in Florida, so he obtained copies of the Florida presentence reports.  These documents, which were not certified and exemplified, indicated that the six prior burglary convictions were for burglaries of a dwelling.  The district court relied on these documents and the probation officer's testimony to enhance McDonald's sentence as a career offender.

McDonald argues that the probation officer's testimony and the uncertified Florida reports are hearsay, and therefore not properly admissible by the district court. This argument has no merit. As the Government points out, the Federal Rules of Evidence regarding hearsay are not applicable to sentencing proceedings. Fed. R. Evid. 1101(d)(3).

Moreover, we have held that a district court is entitled to rely upon uncorroborated hearsay testimony in assessing a defendant's career offender status, so long as the evidence "carries sufficient indicia of reliability." United States v. Marshall, 910 F.2d 1241, 1245 (5th Cir. 1990), cert. denied, 111 S.Ct. 976 (1991); see also U.S.S.G. § 6A1.3(a); United States v. Cuellar-Flores, 891 F.2d 92, 93 (5th Cir. 1989); United States v. Flores, 875 F.2d 1110, 1112 (5th Cir. 1989). These documents, prepared by Florida correctional officers, are sufficiently reliable to sustain the district court's application of U.S.S.G. § 4B1.1. See United States v. Manthei, 913 F.2d 1130, 1138 (5th Cir. 1990) (Drug Enforcement Administration "investigative records" have sufficient indicia of reliability); Flores, 875 F.2d at 1112 (presentence report and testimony of employee who prepared report were sufficiently reliable evidence of nature of defendant's prior burglaries).

Furthermore, as we noted in Flores, McDonald has the burden of showing that the information relied upon by the district court was untrue. Id. at 1113; United States v. Clements, 634 F.2d 183, 186 (5th Cir. 1981). He has not carried this burden.

9

McDonald has not argued that the information relied upon was inaccurate, only that it was inadmissible. Cf. Flores, 875 F.2d at 1113. Inasmuch as we find that the information was admissible, we cannot find improper the district court's reliance on the Florida reports in determining the nature of McDonald's prior burglary convictions.

## III. CONCLUSION

For the foregoing reasons, McDonald's conviction and sentence are, in all respects, AFFIRMED.