UNITED STATES of America,
Plaintiff–Appellee,

v.

Herman GOLDFADEN, Defendant–
Appellant.

No. 92–1656
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 17, 1993.

Herman Goldfaden, pro se.

Melvyn Carson Bruder, Dallas, TX, for defendant-appellant.

Floyd Clardy, Asst. U.S. Atty., Richard H. Stephens, Dallas, TX, William B. Lazarus, Bonnie LePard, Edward J. Shawaker, U.S. Dept. of Justice, Environmental Crimes, Appellate Section, Washington, DC, for plaintiff-appellee.

Before POLITZ, Chief Judge, HIGGINBOTHAM and WIENER, Circuit Judges.

POLITZ, Chief Judge:

Herman Goldfaden, convicted after a guilty plea of unlawful industrial waste discharge in violation of Dallas Code Chapter 49 and 33 U.S.C. § 1319(c)(2)(A), appeals the sentence imposed. Finding no error, we affirm.

### Background

Goldfaden, as director and treasurer, operated Control Sewer and Pipe Cleaning, Inc., a Texas concern engaged primarily in removal of liquid industrial waste and sewer cleaning. In September 1990 a grand jury returned an 18–count superseding indictment charging Goldfaden and Control Sewer with conspiracy to violate and numerous substantive violations of federal law governing industrial waste transportation and disposal. Goldfaden agreed to plead guilty to one court of unlawful industrial waste disposal in violation of 33 U.S.C. § 1319(c)(2)(A); the prosecutor agreed to dismiss the remaining counts and promised to make no sentencing recommendation and to pursue no further prosecutions arising from the operations. The trial court accepted Goldfaden's plea and sentenced him to 36 months imprisonment, one year of supervised release, a $75,000 fine, and the mandatory assessment.[1] Goldfaden timely appealed his sentence.

Because the government made a recommendation relating to sentencing in violation of its obligation under the plea agreement we vacated the sentence and remanded for resentencing before a different judge.[2] Our opinion also addressed several of Goldfaden's other contentions. We found that the district court properly increased Goldfaden's offense level for discharge without a permit and for obstruction of justice, but concluded that the court should have applied U.S.S.G. § 2Q1.3.

On remand Goldfaden was sentenced under section 2Q1.3. The offense level of 20 ascertained at the proceeding on remand included a four-point upward adjustment for disposal without a permit under U.S.S.G. § 2Q1.3(b)(4), and a two-point upward adjustment for obstruction of justice as a result of Goldfaden's prior conduct. The district court sentenced Goldfaden to 33 months imprisonment,[3] a $75,000 fine, one year of supervised release, and the mandatory assessment. Once again, Goldfaden timely appealed.

### Analysis

Goldfaden now challenges the four-point offense level increase for disposal without a permit and the two-point increase for obstruction of justice resulting from his perjury at the original sentencing proceedings.[4] We review *de novo* the district court's application of the Guidelines,[5] and find both of Goldfaden's claims devoid of merit.

#### 1. Discharge Without a Permit

█ Goldfaden maintains that because Dallas allows sewerage disposal only by trucks with treatment equipment, he could not have obtained a permit and the district court should not have increased his offense

---

1. The trial court sentenced Goldfaden under U.S.S.G. § 2Q1.2, arriving at a total offense level of 22. That figure included a four-point increase for disposal without a permit under section 2Q1.2(b)(4). In addition, Goldfaden's offense level reflected a two-point increase for obstruction of justice under section 3C1.1 resulting from his attempt to conceal evidence of his wrongdoing from Dallas authorities, as well as the district court's finding that he perjured himself at the sentencing hearing. Goldfaden's offense level and criminal history category resulted in a guideline sentencing range minimum of 41–months imprisonment. The district court imposed the 36–month maximum dictated by 33 U.S.C. § 1319(c)(2). *See* U.S.S.G. § 5G1.1(a).

2. *United States v. Goldfaden,* 959 F.2d 1324 (5th Cir.1992). (*Goldfaden I*).

3. Goldfaden's offense level and criminal history yielded a guideline sentencing range of 33–41 months imprisonment. *See* U.S.S.G. Ch. 5, Pt. A, Sentencing Table.

4. Goldfaden does not dispute the perjurious nature of that testimony. We note that the district court applied the obstruction of justice enhancement on the basis of his attempted concealment of records from authorities as well as his perjured testimony.

5. *E.g., United States v. Shell,* 972 F.2d 548 (5th Cir.1992).

level for failing to secure one.[6] Goldfaden correctly points out that the upward adjustment under U.S.S.G. § 2Q1.3(b)(4) applies only where regulations require a permit.[7] However, as Goldfaden acknowledges, Dallas allows waste discharge into its sewer system by permit only. The use of improper equipment does not excuse Goldfaden's failure to obtain the required permit. This argument founders.

Goldfaden argues in the alternative that the enhancement for disposal without a permit again punishes conduct accounted for in the base offense level. As we previously have noted, sentencing courts must follow the clear mandate of the Guidelines, even where more than one offense level increase for the same conduct results.[8] Notwithstanding the Sentencing Commission's pending proposal for changes to U.S.S.G. § 2Q1.3(b)(4) to avoid "double counting," the district court properly followed the clear and compelling language of that section as presently written.[9] There was no error.

### 2. *Obstruction of Justice*

Goldfaden argues that the *vacatur* of his initial sentence precludes an offense level enhancement on remand for obstruction of justice based on his prior perjured testimony. We do not agree. The vacating of the earlier sentence in no way diminished the fact or impact of Goldfaden's perjury.

Goldfaden further contends that because his perjured testimony did not relate to his offense of conviction, it should not cause an offense level increase under U.S.S.G. § 3C1.1. As Goldfaden notes, the guidelines refer to obstruction of justice "during the ... sentencing of the *instant offense*."[10] Although we previously have recognized that this language may require a link between obstructive conduct and the offense of conviction,[11] we have not resolved that question and need not do so now. The district court found that at his original sentencing hearing Goldfaden gave false testimony about the amount of waste involved in the offense to which he pleaded guilty and about his illegal waste disposal on other occasions. Statements at sentencing about the severity of the offense of conviction and similar conduct on other occasions are patently relevant to sentencing. Goldfaden's perjurious statements fully support the upward adjustment for obstruction of justice.[12]

The sentence is AFFIRMED.

---

6. Because this argument lacks merit, we need not address the government's contention that Goldfaden's failure to raise it on his first direct appeal precludes its assertion now.

7. U.S.S.G. § 2Q1.3(b)(4), Application Note 7.

8. *See United States v. Rocha,* 916 F.2d 219 (5th Cir.1990) (unless expressly prohibited by Guidelines, sentencing courts must apply offense level enhancement for conduct already taken into account elsewhere), *cert. denied,* — U.S. —, 111 S.Ct. 2057, 114 L.Ed.2d 462 (1991); *United States v. Vickers,* 891 F.2d 86 (5th Cir.1989) (guideline sentence for escape could be enhanced by adding criminal history points under U.S.S.G. § 4A1.1(e) for offense committed while in custody).

9. *Goldfaden I; accord United States v. Ellen,* 961 F.2d 462 (4th Cir.) (defendant convicted of unlawful waste discharge without permit properly subjected to offense level enhancement under U.S.S.G. § 2Q1.3(b)(4)), *cert. denied,* — U.S. —, 113 S.Ct. 217, 121 L.Ed.2d 155 (1992).

10. U.S.S.G. § 3C1.1 (emphasis added).

11. *United States v. Rogers,* 917 F.2d 165 (5th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1318, 113 L.Ed.2d 252 (1991), *overruled on other grounds, United States v. Lambert,* 984 F.2d 658 (5th Cir.1993) (*en banc*); *United States v. Roberson,* 872 F.2d 597 (5th Cir.), *cert. denied,* 493 U.S. 861, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989).

12. Because Goldfaden's perjury alone sufficiently supports the district court's upward adjustment, we need not address the effect of his attempt to conceal evidence from investigating authorities.