IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31353
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENRIQUE MOSQUERA-OLAVE, also known as Juan
Rodriguez Santos, also known as Juan Santos
Rodriguez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CR-85-1-L
--------------------
October 18, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Enrique Mosquera-Olave appeals his sentence following his guilty-plea conviction for conspiring to import cocaine hydrochloride and for attempting to possess with the intent to distribute cocaine hydrochloride. Mosquera-Olave asserts that the district court erred in applying an upward adjustment for his role in the offense, applying an upward adjustment for obstruction of justice, and refusing to apply a downward adjustment for acceptance of responsibility.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because the record shows that Mosquera-Olave set up the drug transaction, recruited a codefendant to take part in the offense, and agreed to pay the codefendant for his participation, the district court did not clearly err in finding that Mosquera-Olave was an organizer, leader, manager, or supervisor of the criminal activity. See § 3B1.1, comment. (n.4); United States v. Ocana, 204 F.3d 585, 592 (5th Cir. 2000). The district court's application of the role-in-the-offense adjustment was not error.

In an attempt to hide his true identity during the investigation and prosecution of this case, Mosquera-Olave produced a false Puerto Rican birth certificate and provided materially false information regarding his identity to the magistrate judge at his detention hearing and in a financial status affidavit, to the district judge at trial and rearraignment, and to the probation officer conducting a presentence investigation for the court. Thus, the district court did not clearly err in finding that Mosquera-Olave obstructed justice, and its application of the obstruction-of-justice enhancement was proper. See § 3C1.1, comment. (nn.2,4(c),(f),(h); see also United States v. Rodriguez, 942 F.2d 899, 902 (5th Cir. 1991) (upholding application of enhancement where defendant provided court with a fraudulent birth certificate); United States v. McDonald, 964 F.2d 390, 391 (5th Cir. 1992) (holding that the use of a false name before a judge or magistrate merits enhancement without a showing that the investigation or prosecution was significantly hindered).

Finally, the district court did not err in refusing to apply the acceptance-of-responsibility adjustment. See United States v.

Flucas, 99 F.3d 177, 180 (5th Cir. 1996) (holding that the district court's acceptance-of-responsibility determination is reviewed with even more deference than the pure clearly erroneous standard); § 3E1.1, comment. (n.5). Mosquera-Olave's guilty plea, entered on the second day of trial, was not particularly timely since it did not allow the Government to avoid preparing for and conducting a portion of the trial. See § 3E1.1, comment. (nn.1(h),6). Moreover, even after he pleaded guilty, Mosquera-Olave continued to obstruct justice by providing a false name, and he refused to admit his full participation in the conspiracy. See id. at comment. (nn.3-4).

The district court's judgment is AFFIRMED.