United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41511
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GRACIELLA ARTEAGA; JOSE DEMETRIO ARTEAGA-LIMONES,
also known as Marco Arteaga,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-01-CR-259-2
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Graciella Arteaga (Graciella) and her husband, Jose Demetrio

Arteaga-Limones (Jose), appeal their sentences following their

guilty-plea convictions for conspiracy to possess with intent to

distribute over 1000 kilograms of marijuana.

Graciella contends that the district court clearly erred by

imposing a three-level increase in her offense level for her role

as a manager or supervisor in the conspiracy.  In light of

unrebutted evidence in the Pre-Sentence Report (PSR) showing that

--------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Graciella helped manage and supervise other participants, the district court did not commit clear error by imposing the increase. U.S.S.G. § 3B1.1(b); see United States v. Taylor, 277 F.3d 721, 724 (5th Cir. 2001).

Graciella also contends that she should not have received a two-level increase for obstruction of justice. Graciella did not rebut the PSR's evidence showing that she gave false names, presented false identification documents, and misrepresented her immigration status during presentencing investigations. See U.S.S.G. § 3C1.1 & comment. (n.4); United States v. McDonald, 964 F.2d 390, 392-93 (5th Cir. 1992). The judgment against Graciella Arteaga is AFFIRMED.

Jose contends that his 84-month sentence, which was the result of a 50 percent downward departure, amounts to cruel and unusual punishment in light of his age and poor health because the district court did not sua sponte depart further. This court lacks jurisdiction to consider this claim because there is no indication that the district court declined to give an additional downward departure based on any erroneous belief that such a departure was unauthorized by law. See United States v. Landerman, 167 F.3d 895, 899 (5th Cir. 1999). The appeal of Jose Arteaga-Limones is DISMISSED for lack of jurisdiction.

AFFIRMED IN PART; DISMISSED IN PART.