# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 07-10049
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 27, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL HOLT,
Also Known as O.G. Mike,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:06-CR-73-2

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Michael Holt appeals his sentence for distributing more than five grams of cocaine base. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Holt contends the district court abused its discretion in denying him credit for acceptance of responsibility under U.S.S.G. § 3E1.1. Although he does not appeal the decision to enhance his sentence for obstruction of justice, he argues that his recanting of certain statements made to investigators did not impede or obstruct justice and did not negate his apology for his crime. He also avers that he never denied his guilt or minimized his criminal activities.

The district court adopted the conclusion of the presentence report ("PSR") that Holt's original statements, verified by the FBI, had been truthful and that his recanting had been a lie. The court also accepted the PSR's conclusion that Holt had committed perjury during a co-conspirator's sentencing hearing. The false recanting and the perjury obstructed justice.

Conduct resulting in a sentence enhancement for obstruction of justice or- dinarily indicates that the defendant has not accepted responsibility for his crim- inal activity. § 3E1.1 comment. (n.4). A sentencing court may rely on informa- tion in the PSR in making factual determinations with regard to a sentence if the information has any indicium of reliability. United States v. Shipley, 963 F.2d 56, 59 (5th Cir. 1992). The defendant bears the burden of showing that the PSR is inaccurate; in the absence of rebuttal evidence, the sentencing court may adopt the PSR as its own. United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995).

The district court rejected Holt's profession of remorse and contrition. For a defendant to merit an adjustment for acceptance of responsibility, the sentenc- ing court must be convinced that he is sincerely remorseful. United States v. Surasky, 976 F.2d 242, 247 n.7 (5th Cir. 1992). Credibility determinations are "critical to the decision concerning acceptance of responsibility." United States v. Hardeman, 933 F.2d 278, 284 (5th Cir. 1991). Because the district court is in a unique position to assess the defendant's contrition or lack thereof, its factual determinations on this point are entitled to even greater deference than that ac- corded under a clearly erroneous standard of review. United States v. Mourning,

914 F.2d 699, 705 (5th Cir. 1990) (superseded in other part by statute).

Holt denied that he was a member of a gang that conducted widespread distribution of illegal-substances. Additionally, in attempting to renounce his earlier statements about dealings in the drug trade, Holt forcefully disclaimed any ability to be of assistance to the government in investigating narcotics trafficking. Thus, despite his claim to be contrite, Holt reneged on representations made to investigators and tried to minimize his participation in and knowledge of the narcotics network and of the gang activity that had resulted in his conviction. Consequently, he failed to carry his "burden of demonstrating the recognition and affirmative acceptance of personal responsibility." Ayala, 47 F.3d at 690.

A district court's decision not to award a decrease under § 3E1.1 will be affirmed unless it is without foundation. United States v. Sanchez-Ruedas, 452 F.3d 409, 414 (5th Cir.), cert. denied, 127 S. Ct. 315 (2006). The decision to deny Holt any § 3E1.1 adjustment was founded on the PSR, which Holt did not rebut, and on the court's implicit credibility determination made after reviewing the record and hearing Holt's remarks in open court.

Holt has not carried his burden of demonstrating that the decision is unworthy of deference by this court, nor has he pointed to any extraordinary circumstances that would support a decrease for acceptance of responsibility despite the imposition of the § 3C1.1 enhancement. Accordingly, "this is not one of those extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." United States v. Rodriguez, 942 F.2d 899, 902-03 (5th Cir. 1991) (internal quotation marks omitted).

AFFIRMED.