# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 17, 2010

No. 09-40541
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR ALVAREZ, also known as Pepe Quintero-Bojado,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-485-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Oscar Alvarez appeals the sentence imposed following his guilty plea conviction for being found unlawfully in the United States subsequent to deportation in violation of 8 U.S.C. § 1326. He contends that the district court reversibly erred when it enhanced his offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1. Alvarez does not dispute that he provided a false name when he was arrested, when he was interviewed by pretrial services, and when he appeared before the magistrate judge. However, he argues that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

record does not support the determinations that he acted willfully and with the intent to hinder justice.  He also argues that his misrepresentation was not material.

We review a district court's factual finding that a defendant has obstructed justice under § 3C1.1 for clear error. *United States v. Powers*, 168 F.3d 741, 752 (5th Cir. 1999).  The record reflects that Alvarez used a false name when under oath before the magistrate judge.  This conduct was sufficient to support the obstruction of justice enhancement, even without a showing of significant hindrance.  *See* § 3C1.1, comment. (n.4(f)); *United States v. McDonald*, 964 F.2d 390, 392-93 (5th Cir. 1992).  We also conclude that the district court did not err in finding the misrepresentation material. *See generally United States v. Najera Jimenez,* No. 08-50913, 2010 U.S. App. LEXIS 226 (5th Cir. Jan. 6, 2010)(construing similar materiality requirement in 18 U.S.C. § 1001 and concluding that the government need not show that it was actually misled in order for a misrepresentation to be material).  Therefore, the district court did not clearly err when it increased Alvarez's offense level pursuant to § 3C1.1.

AFFIRMED.