# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50188
c/w No. 13-50194
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCIAL ALEGRIA CABANA, also known as Jose Diaz-Hernandez,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-399-1
USDC No. 2:12-CR-1541-1

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Marcial Alegria Cabana appeals the sentence imposed following his guilty plea conviction for being found unlawfully in the United States following deportation in violation of 8 U.S.C. § 1326.  He also appeals the revocation of a prior term of supervised release.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50188
c/w No. 13-50194

Cabana contends that the district court erred when it enhanced his offense level pursuant to U.S.S.G. § 3C1.1 because he did not willfully obstruct justice and his statement to the magistrate judge was not materially false. The district court's determination that a defendant obstructed justice under § 3C1.1 is a factual finding that we review for clear error. *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008).

At Cabana's initial appearance, the magistrate judge explained that he wanted to ensure that Cabana's name was correct and that it was spelled correctly on the complaint. The magistrate judge then asked Cabana whether he was Jose Diaz-Hernandez, the name Cabana had given Border Patrol agents upon his arrest. Cabana unequivocally answered yes and continued to respond to that false name throughout the proceeding. Cabana's use of a false name when under oath before the magistrate judge was sufficient to support the obstruction of justice enhancement, even without a showing of significant hindrance. *See* § 3C1.1, comment. (n.4(F)); *United States v. McDonald*, 964 F.2d 390, 392-93 (5th Cir. 1992). Therefore, the district court did not clearly err when it enhanced Cabana's offense level pursuant to § 3C1.1.

Cabana also contends that the district court erred when it denied him a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 because the denial was based on the district court's erroneous determination that he obstructed justice. In the alternative, he argues that his was one of the extraordinary cases in which the reduction was warranted despite an obstruction of justice enhancement.

We review a district court's denial of a reduction for acceptance of responsibility pursuant to § 3E1.1 under a standard that is even more deferential than the purely clearly erroneous standard. *United States v. Washington*, 340 F.3d 222, 227 (5th Cir. 2003). "The ruling should not be

No. 13-50188
c/w No. 13-50194

disturbed unless it is without foundation." *Id.* (internal quotation marks and citation omitted).

As previously discussed, the district court did not clearly err when it enhanced Cabana's offense level pursuant to § 3C1.1. Further, Cabana has failed to demonstrate that this is indeed one of those extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 apply. *See* § 3E1.1, comment. (n.4); *United States v. Thomas*, 120 F.3d 564, 574-75 (5th Cir. 1997). Although his alias may have been well known to immigration officials, his use of a false name when under oath before the magistrate judge suggests that he had not accepted responsibility for his criminal conduct. Therefore, the district court's determination that Cabana was not entitled to a reduction for acceptance of responsibility pursuant to § 3E1.1 is not without foundation. *See Washington*, 340 F.3d at 227.

Finally, Cabana raises no claims of error with respect to the revocation proceeding or sentence. Thus, he has abandoned any issues on appeal regarding the revocation judgment. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, the district court's judgments are AFFIRMED.