# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40185
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 14, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CUAUHUTEMOC ARTEAGA-PEREZ, also known as Memo, also known as Temo,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CR-160-2

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Cuauhutemoc Arteaga-Perez pleaded guilty to conspiracy to possess, with the intent to manufacture and distribute, methamphetamine, in violation of 21 U.S.C. § 846. He was sentenced, *inter alia*, to 235 months' imprisonment.

Arteaga contends the district court clearly erred in calculating the Sentencing Guidelines range by: applying a two-level increase for obstruction

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-40185

of justice, *see* U.S.S.G. § 3C1.1; and failing to reduce his offense level for acceptance of responsibility, *see id.* § 3E1.1.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48–51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  Both claims fail.

The record shows Arteaga told agents he had no residence or possessions; he later asked his wife, however, to "go and get [his] things" from his apartment.  The "things" Arteaga kept in the apartment included, not only the tax documentation he claimed was the "main reason" for his request to his wife, but also a firearm and narcotics.  The court plausibly concluded Arteaga attempted to conceal evidence.  *See United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008).

Regarding the requested reduction for acceptance of responsibility because Arteaga later cooperated with agents, subsequent cooperation with the Government after obstructive conduct does not necessarily warrant such a reduction.  *See United States v. Ayala*, 47 F.3d 688, 691 (5th Cir. 1995).  Further, under our even more deferential review for such denials than the clearly-erroneous standard, *United States v. Flucas*, 99 F.3d 177, 180 (5th Cir. 1996), Arteaga's evidence of cooperation is insufficient to overcome the deference due to the court's determination this is not one of those "extraordinary cases in which adjustments under both §§ 3C1.1 [obstruction of

No. 16-40185

justice] and 3E1.1 [acceptance of responsibility] may apply". U.S.S.G. § 3E1.1, cmt. n.4; *see United States v. Rodriguez*, 942 F.2d 899, 903 (5th Cir. 1991).

AFFIRMED.