UNITED STATES OF America,
Plaintiff–Appellee,

v.

John Doyle JOHNSON, Defendant–
Appellant.

No. 91–8526
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 20, 1992.

Wade A. Wilson, Austin, Tex. (Court-appointed), for defendant-appellant.

Richard L. Durbin, Diane D. Kirstein, Asst. U.S. Attys., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GARWOOD, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

GARWOOD, Circuit Judge:

Appellant-defendant John Doyle Johnson (Johnson) pleaded guilty to possessing a firearm on April 1, 1991, when he had previously been convicted of a felony punishable by imprisonment for more than one year, contrary to 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and was sentenced on September 5, 1991, to thirty-three months' imprisonment, to be followed by a three year term of supervised release. Johnson appeals challenging only his sentence. We affirm.

Johnson's sole complaint on appeal is that the district court accepted the presentence report (PSR) calculation of his criminal history points as twelve by including a total of three points for three December 8, 1988 convictions and sentences in consecutively numbered cases in the same court. The three offenses were driving while intoxicated, driving while license suspended, and failure to identify to a police officer, each was committed on the same day, and Johnson was sentenced to concurrent terms of thirty days imprisonment for each. All this was reflected in paragraph thirty-two of the PSR. Johnson contends that a total of only one criminal history point should have been awarded for these three offenses because they all occurred on a single occasion.

Although timely furnished a copy of the PSR, Johnson at no time filed any written objections to it, as noted in the PSR addendum. The district court's local rules require that the probation officer be furnished in writing and prior to sentencing any objections to the PSR. Johnson has never offered any explanation of why written objection on this ground was not made. However, at sentencing, the district court asked Johnson personally if he had reviewed the PSR and if he had anything he would like to say about it. Johnson had reviewed the PSR, and he made numerous

comments about different parts of it, the final comment being:

"MR. JOHNSON: ... On this Page 8, 32, this driving while intoxicated and driving without a license and failure to submit ID, those three points added on that, one on each one. Those was all run together, and I received thirty days in jail. And that' all run together at one time.

THE COURT: That's what it says here. I mean it doesn't say anything different than that, does it? I mean you were sentenced to thirty days on each of them but to run concurrently, I suppose.

MR. JOHNSON: Yes Sir. I just did like ten days or so on it.

THE COURT: I don't think that would have any effect on the scoring. I mean I think it's accurately presented.

Anything else on the presentence report?

MR. JOHNSON: No, sir."

This matter was not otherwise ever adverted to below by Johnson or his attorney.

The United States Sentencing Guidelines (U.S.S.G.) as in effect when Johnson was sentenced provided that, "[p]rior sentences imposed in related cases are to be treated as one sentence for purposes of the criminal history." U.S.S.G. § 4A1.2(a)(2) (Nov. 1990). The commentary to that provision instructs that, "[c]ases are considered related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." Id., comment. (n. 3). It seems evident that the three November 8, 1988 convictions were for offenses which "occurred on a single occasion."

Although it may be questionable whether Johnson has adequately preserved his contention, we assume, arguendo, that he did and, further, that under § 4A1.2(a)(2) and its accompanying commentary note 3 a total of only one criminal history point for all three convictions, rather than three points,

should have been awarded. Nevertheless, we hold that any error in this respect does not warrant a remand for resentencing because we conclude, from the record as a whole, that "the district court would have imposed the same sentence" even if it had awarded only one, rather than three, criminal history points for the three December 8, 1988 sentences, and that the fact that three points rather than one were awarded "did not affect the district court's selection of the sentence imposed." See Williams v. United States, — U.S. ——, 112 S.Ct. 1112, 1120–21, 117 L.Ed.2d 341 (1992).[1] We reach this conclusion for the following reasons.

Most importantly, the awarding of three criminal history points, rather than one, for the December 8, 1988 convictions had no effect on Johnson's guideline sentencing range, which would have been the twenty-seven to thirty-three months calculated by the PSR and accepted by the district court even if only one criminal history point had been awarded for these three convictions. This is because reducing Johnson's criminal history points from the twelve calculated by the PSR and accepted by the district court to ten would not have affected Johnson's criminal history category, which in either event would be criminal history category V, that found by the PSR and utilized by the district court in sentencing. See U.S.S.G. Ch. 5, Pt. A, Sentencing Table. The district court's written "statement of reasons" for its sentence reflects that the district court intended a sentence within the guideline range which it correctly calculated as twenty-seven to thirty-three months based on an offense level of twelve and a criminal history category of V. Neither of these factors would have been changed by a change from twelve to ten criminal history points. No reference is made in the statement of reasons to criminal history points.

---

**1.** We recognize that there are statements in some of our pre-*Williams* opinions indicating that incorrect application of the sentencing guidelines will always require a remand and cannot be regarded as harmless error. *See United States v. Stephenson,* 887 F.2d 57, 62 (5th Cir.1989), *cert. denied,* 493 U.S. 1086, 110 S.Ct. 1151, 107 L.Ed.2d 1054 (1990). We conclude that such an approach has been superseded by *Williams,* and we henceforth follow the *Williams* analytical framework in this respect.

It is evident that neither the PSR nor the district court were under any factual misapprehension concerning either the December 8, 1988 convictions or the offenses involved therein. And, it is undisputed that such offenses and convictions could properly be considered for sentencing purposes. In such a situation, and where, as here, the court sentences within the guideline range, the precise number of criminal history points to be awarded for those convictions will normally be relevant only if it changes the guideline sentencing range, which it did not do in this instance.

Nor does anything at the sentencing hearing suggest that the district court's selection of sentence was influenced by Johnson's criminal history points totaling twelve instead of ten. No mention was made of the total number of Johnson's criminal history points. Nor, except in the above quoted colloquy, was any mention made of the December 8, 1988 convictions. The focus of the sentencing hearing was on Johnson's plea that he should be awarded a two point reduction in offense level for acceptance of responsibility and that he should be treated leniently because his violation of § 922(g)(1) was merely technical. All this turned out adversely to Johnson, as it developed that he had denied his guilt to the probation officer and told several conflicting stories of what had happened. The district court was obviously not impressed with Johnson's lack of candor at the sentencing hearing. He was also concerned with the circumstances of the offense of conviction.[2] The only reference the district court made at sentencing to prior convictions was to Johnson's prior felony convictions, of which there were three, one being a burglary. These were obviously the factors which led the district court to sentence at the maximum of the guideline range.[3] It is inconceivable that this decision was influenced in the slightest by three criminal history points, rather than one, being awarded for the three December 8, 1988 convictions.

Accordingly, Johnson's conviction and sentence are

AFFIRMED.

**2.** As reflected in the PSR and at sentencing, Johnson on April 1, 1991, went to his ex-wife's home with a twelve-gauge pump shotgun with an eighteen inch barrel; the shotgun was loaded with three rounds of double 0 buckshot and Johnson also had a twelve gauge rifle slug in his pocket; he was highly intoxicated at the time; his ex-wife called the police; by the time they arrived Johnson had concealed the shotgun and at first denied having one; he furnished the officers false identification; he then attempted to escape them. The PSR declined to award any offense level enhancement for obstruction of justice in this respect because Johnson's conduct after the officers had arrived "was dealt with at the State level." Nor did the district court depart from the PSR in this respect.

**3.** We also note that the prosecution at the sentencing hearing recommended a sentence at the guideline range maximum. It never made any reference to the December 8, 1988 convictions (or offenses involved therein) or to the number of Johnson's criminal history points. Its entire focus was on the circumstances of the offense of conviction and Johnson's subsequent lack of candor lasting through the sentencing hearing itself.