**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 93-2268
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE IGNACIO MONTANO-SILVA,
a/k/a Waldemar John Lugo, Etc.,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

(February 9, 1994)

Before POLITZ, Chief Judge, JOLLY and DUHÉ, Circuit Judges.

PER CURIAM:

Jose Ignacio Montano-Silva applied for a passport under the name of Waldemar John Lugo.  The authorities discovered that he was not Lugo and arrested him, recovering a firearm during a search of his residence.  At this point Montano-Silva identified himself as Primitivo Castro, a Venezulalan national, an identity he asserted throughout two detention hearings.  It was only after an extensive investigation that the government discovered Montano-Silva's real identity.

Montano-Silva pleaded guilty to the three counts for which he

was indicted: possession of a firearm by an illegal alien in violation of 18 U.S.C. § 922(g)(5); making a fraudulent statement in a matter within the jurisdiction of the United States in contravention of 18 U.S.C. § 1001; and making a false statement in an application for a passport in violation of 18 U.S.C. § 1542. Sentenced to 21 months imprisonment, he timely appealed.

Applying the Sentencing Guidelines, the district court increased Montano-Silva's offense level for obstructing justice by his claim of a false identity. Montano-Silva challenges that enhancement on the grounds that his falsehood was not material to the investigation. We otherwise conclude.

By claiming to be Primitivo Castro at his detention hearings, Montano-Silva provided "materially false information to a . . . magistrate" within the meaning of Application Note 3(f) to U.S.S.G. § 3C1.1. It would be a rare situation in which a defendant's identity is not material.[1] It is material here. Castro, another Venezualan national, did not commit the charged offenses; Montano-Silva did. Further, a defendant's personal history is always pertinent to sentencing; the court must know whom it is sentencing in order to sentence properly. Montano-Silva previously had been arrested on a narcotics charge, grist for an upward

---

[1]**United States v. Blackman**, 904 F.2d 1250, 1259 n.11 (8th Cir. 1990) ("Clearly the identification of the defendant is a material fact."); see **United States v. McDonald**, 964 F.2d 390 (5th Cir. 1992) (affirming an obstruction of justice enhancement for giving a false name to the magistrate).

departure.[2]  Additionally, he obstructed justice by giving a false name to law enforcement authorities, causing the expenditure of considerable time and resources in the determination of his true identity.[3]  The district court's adoption of the Presentence Report and rejection of Montano-Silva's objections constitutes sufficient findings to support the enhancement.[4]

Montano-Silva also contests the district court's decision to assign an offense level of 14 to the firearm possession conviction. He maintains that the offense level should have been set at six, the level accorded a defendant who possesses the weapon "solely for lawful sporting purposes or collection . . . ."[5]  Montano-Silva did not suggest either of these mitigating circumstances to the trial judge; rather, he contended that he possessed the gun for personal security.  The district court's implicit determination that he failed to carry his burden of proof is not clearly erroneous.[6]

AFFIRMED.

---

[2]**United States v. Thomas**, _____ F.3d _____, 1993 WL 517020 (7th Cir. 1993).

[3]See U.S.S.G. § 3C1.1, Application Notes 3(g), 4(a); **McDonald**.

[4]**United States v. Sherbak**, 950 F.2d 1095 (5th Cir. 1992).

[5]U.S.S.G. § 2K2.1(b)(2).

[6]See **United States v. Alfaro**, 919 F.2d 962 (5th Cir. 1990) (district court's factual findings are reviewed for clear error; the party seeking an adjustment in sentence level has the burden of proving the factual predicate justifying the adjustment).

3