IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40638
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALDO LEAL,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-97-CR-265-1
- - - - - - - - - -
December 1, 1998

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

Aldo Leal, whose true name is Eliseo Cruz Godinez, appeals his sentence following his guilty plea conviction for possession with intent to distribute marijuana. We have reviewed the record, the presentence report, and the briefs of the parties and AFFIRM the sentence imposed by the district court.

The Government's motion seeking this court to compel Leal to supplement the record with the transcript of his rearraignment hearing is DENIED as UNNECESSARY. See Fed. R. App. P. 10(b)(3).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Leal does not rely on any admissions at rearraignment to support his arguments, nor did he do so in the district court.

Leal argues that the district court clearly erred in failing to decrease his offense level for his minor or minimal role in the offense under U.S.S.G. § 3B1.2. Leal has failed to sustain his burden of demonstrating that he was entitled to a mitigating-role reduction. See United States v. Zuniga, 18 F.3d 1254, 1261 (5th Cir. 1994). He has not shown that there are other participants who were more culpable than he or that he was less culpable than the average drug transporter. See § 3B1.2, comment. (nn.1-3); United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989).

Leal argues that the district court erred in finding that he obstructed justice and in applying U.S.S.G. § 3C1.1 because his use of an alias did not significantly impede the investigation of the instant offense. Leal concedes that he provided false information to the magistrate judge during arraignment and to the district court judge when he entered his guilty plea. This conduct was sufficient to support the enhancement under § 3C1.1, comment. (n.3(f)). "[T]he use of a false name before a judge or magistrate merits enhancement without a showing of significant hindrance" of the investigation or prosecution. United States v. McDonald, 964 F.2d 390, 392-93 (5th Cir. 1992); United States v. Montano-Silva, 15 F.3d 52, 53 (5th Cir. 1994).

AFFIRMED.