**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

LADI DAWODU, a/k/a Brian Sunshine,
a/k/a John Doe, a/k/a Craig
Muraskin,
Defendant-Appellant.

No. 99-4039

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., District Judge.
(CR-98-131)

Submitted: July 20, 1999

Decided: September 17, 1999

Before HAMILTON and WILLIAMS, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, William C. Ingram, First
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Harry L.
Hobgood, Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pursuant to his guilty pleas, Ladi Dawodu was convicted of two counts each of using false social security numbers in violation of 42 U.S.C. § 408(a)(7)(B) (1994) and making false statements to financial institutions in violation of 18 U.S.C. § 1014 (1994). On appeal, Dawodu alleges that the district court erroneously enhanced his offense level for obstruction of justice.[1]  Finding no reversible error, we affirm.

The basic facts are undisputed. From December 1996 until May 1998, Dawodu used names, social security numbers, and other identifying data he stole from various people to open fraudulent checking and savings accounts at several banks in North Carolina. Dawodu would deposit counterfeit and stolen checks into the accounts and then withdraw cash, and he was able to obtain over $100,000 prior to his arrest. He was arrested by airport police at the Piedmont Triad International Airport after an officer recognized him from a wanted poster. Dawodu identified himself as "Craig Muraskin" and produced a North Carolina driver's license in that name. Officers also discovered a California driver's license in the name of a different alias and a sheet of paper containing several people's names, social security numbers, dates of birth, and other identifying data. [2]

Dawodu continued to use the name "Craig Muraskin" while in pretrial custody. He also refused to provide fingerprints or a handwriting sample to a postal inspector, and he gave the inspector a false address, social security number, date of birth, and other identifying data. In addition, Dawodu initially refused to be interviewed by a pretrial ser-

_____

[1] **See U.S. Sentencing Guidelines Manual** § 3C1.1 (1998) ("USSG").
[2] Dawodu attempted to destroy the sheet of paper at one point during the interview with airport police.

2

vices officer, whose function was to determine Dawodu's eligibility for bond and court-appointed counsel. Although Dawodu ultimately consented to the interview, he continued to provide false information concerning his name, address, and social security number. During his arraignment, the district court addressed Dawodu several times as "Mr. Muraskin." Although Dawodu did not expressly identify himself as "Muraskin," he responded to the court's inquiries and did not inform the court of his true identity. Dawodu eventually agreed to plead guilty but did not inform the court of his correct name until his Fed. R. Crim. P. 11 hearing. Finally, Dawodu provided false information to the probation officer assigned to prepare his presentence report.[3]

Dawodu alleges that the district court erred in finding that his conduct, both individually and collectively, constituted obstruction of justice. We disagree. A two-level enhancement for obstruction is proper where a defendant provides "materially false information" to a judge, magistrate, or probation officer. See USSG§ 3C1.1, comment. (n.4(f), (h)); see also United States v. McDonald, 964 F.2d 390, 392-93 (5th Cir. 1992) (finding that enhancement was warranted where defendant used an alias before a magistrate judge during arraignment); United States v. Montano-Silva, 15 F.3d 52 (5th Cir. 1994) (finding enhancement proper where defendant provided false information to law enforcement authorities); United States v. Magana-Guerrero, 80 F.3d 398, 401 (9th Cir. 1996) (upholding enhancement where defendant lied to pretrial services officer).

Contrary to Dawodu's assertions, the focus for these instances of misconduct is on the materiality of the false representations; not whether they significantly hindered the administration of justice. For information to be material, it need only have the potential to affect the issue under determination, including the term of incarceration or conditions of release. See USSG § 3C1.1, comment. (n.6). In the present case, the district court properly found that Dawodu's continuous use of false information was material because it prevented the court from

---

**3** Dawodu gave the probation officer a nonexistent social security number and false information concerning his employment history. The probation officer eventually determined that Dawodu had no social security number and had re-entered the country illegally after having been previously deported.

3

knowing with whom it was dealing. At the very least, had the court known Dawodu's true identity and the fact that he had re-entered the United States illegally, it could have affected the court's decisions concerning bond or an upward adjustment under USSG§ 4A1.3, p.s. (Adequacy of Criminal History Category).

We therefore find that Dawodu's misrepresentations to the district court at arraignment, the pretrial services officer, and the probation officer provided adequate support for the court's decision to enhance Dawodu's base offense level for obstruction of justice. Because we find that any one of these three instances of misconduct were sufficient to apply the enhancement, we decline to address Dawodu's claim that the district court improperly considered the totality of his actions.[4]

Accordingly, we affirm Dawodu's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

[4] Dawodu cites no authority for his position, nor can we find any. There is nothing in the Guidelines which either requires or prohibits the consideration of the cumulative effect of a defendant's actions. In addition, at least one circuit has endorsed such an approach. See United States v. Walcott, 61 F.3d 635, 639 (8th Cir. 1995) (applying enhancement based on the totality of the circumstances even though individual acts may not be sufficient).

4