**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-40117
_____

UNITED STATES of AMERICA,

Plaintiff-Appellee,

versus

JUAN ESTRADA, JR.,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Texas - Corpus Christi Division
(C-00-298-1)
_____

December 17, 2001

Before DAVIS, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM[*]:

Defendant-Appellant Juan Estrada, Jr. appeals his sentence, claiming that the district court erred when it departed upward from the prescribed sentencing guideline range.  Perceiving no plain error in the district court's decision to depart upwardly, we affirm Estrada's sentence.

**I.**

**FACTS AND PROCEEDINGS**

---

[*] Pursuant to 5TH Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH Cir. R. 47.5.4.

Estrada pleaded guilty to the second count of a two-count indictment charging him with violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) for possession with intent to distribute 353 kilograms of marijuana.[1]   Based on his scoreable criminal conduct, his acceptance of responsibility, and his base offense level, Estrada had a criminal history category ("CHC") of I and a base offense level of 25.  The imprisonment range for this combination is 60 to 71 months.  The district court found, however, that a CHC of I understated the gravity of Estrada's prior criminal conduct.  Pursuant to the discretion afforded by U.S.S.G. §§ 4A1.3, 4A1.2 n. 8, the district court took into account Estrada's remote criminal convictions, determined his CHC to be IV, and sentenced him to a 96-month term of imprisonment.[2]

In calculating a CHC of IV, the district court considered prior convictions on four uncounted offenses included in the Presentence Investigation Report ("PSR").  Specifically, the court included Estrada's 1976 conviction for marijuana possession, his 1981 conviction for being a felon in possession of a firearm, his 1983 conviction for escaping from federal custody, and his 1985 conviction for involuntary manslaughter.[3]  Estrada timely appealed,

---

[1]  As part of the plea bargain, the first count of possession of marijuana with intent to distribute was dropped.

[2]  A CHC of IV along with a base offense level of 25 requires imprisonment in the range of 84 to 105 months.

[3]  These convictions had not been initially counted for CHC purposes because they were too remote in time to qualify under the

2

arguing that the district court erred in considering his conviction

for escaping from federal custody when it calculated his CHC.

## II.

## ANALYSIS

### A.  Standard of Review

In general, we review the district court's decision to depart

upward from the sentencing guidelines range for abuse of

discretion.[4]  In this instance, however, our review is further

circumscribed.  Although Estrada lodged a universal objection to

the upward departure, he failed to object specifically to the

district court's determination that his remote convictions

constituted "serious dissimilar" conduct.  Estrada raises this

discrete objection to the inclusion of his remote convictions for

the first time in his brief to this court.  Hence, in this case, we

are limited to plain error review.[5]

### B.  No Plain Error in the District Court's Ruling

Estrada's 1983 conviction for escape from a federal half-way

house was not initially counted in determining his CHC because the

---

Sentencing Guidelines.  <u>See</u> U.S.S.G. § 4A1.2(e).

[4]  <u>United States v. Ashburn</u>, 38 F.3d 803, 807 (5th Cir. 1994) (en banc) (further stating, "[w]e affirm a departure from the Guidelines if the district court offers acceptable reasons for the departure and the departure is reasonable.") (internal quotations omitted) (citations omitted).

[5]  Fed. R. Crim. P. 52(b); <u>United States v. Ravitch</u>, 128 F.3d 865, 869-70 (5th Cir. 1997).

conviction involved a six-month sentence and the term of incarceration for that offense was imposed more than ten years before his commission of the instant offense. U.S.S.G § 4A1.3 provides, however, that "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range." U.S.S.G. § 4A1.2 n. 8 further clarifies that "[i]f the court finds that a sentence imposed outside [the time period established by §§ 4A1.2(d)(2) and (e)] is evidence of [1] similar, or [2] serious dissimilar, criminal conduct, the court may consider this information in determining whether an upward departure is warranted under 4A1.3." Undoubtedly, Estrada's escape from federal custody is dissimilar to his federal drug violation in the instant case. Thus, the only issue on appeal is whether escaping from federal custody is a "serious" crime.

The Sentencing Guidelines do not define "serious" crimes and "serious" is not a legal category generally used to distinguish between different types of crimes. Additionally, this court has never addressed the question of what constitutes "serious dissimilar" conduct. In the absence of any precedent or other guidance, the district court could not possibly have committed plain error.

4

**III.**

**CONCLUSION**

For the foregoing reasons, the district court's upward departure in its sentencing of Estrada is AFFIRMED.

WIENER, Circuit Judge, specially concurring:


Although I agree with the result reached by the panel, I write separately to note my disagreement with the standard of review employed in arriving at this result. My review of the sentencing record convinces me that counsel for Estrada adequately objected to the district court's upward departure in sentencing, and thereby preserved his appeal. Rather than review the imposition of the enhanced sentence for plain error, I would affirm Estrada's sentence by holding that the district court did not abuse its discretion.

Counsel for Estrada twice objected to the court's upward departure and —— more importantly —— did so during the court's discussion of its basis for increasing Estrada's CHC. Indeed, the only factor being discussed by the court in support of its decision to depart upwardly was the inclusion of Estrada's remote convictions. Thus, Estrada's admittedly terse objection to the upward departure could only relate to the inclusion of his remote convictions under the "serious dissimilar" clause of the relevant sentencing guideline. I am convinced that the district court could not have failed to understand the basis for counsel's objection. Under such circumstances, we should not require counsel to perform the redundant act of incanting talismanic words; all that is

6

required is that counsel's words be sufficient for the court to comprehend the objection. In this instance, counsel's objections adequately encompassed the issue herein appealed and properly preserved the issue for our review.

With the objection thus properly preserved, our review would not be for plain error; rather, we would review the district court's decision to depart upwardly from the sentencing guidelines range for abuse of discretion.[6] When the sentencing court exercises the discretion afforded by U.S.S.G § 4A1.3 to depart upwardly, we require the court to articulate expressly its reasons for the departure.[7] Reasons thus articulated by the district court are findings of fact, which we review for clear error.[8]

As the per curiam opinion notes, the term "serious" is not defined by the Sentencing Guidelines or by other federal criminal statutes. Thus, the district court's determination whether the crime of escape is serious is a factual one made in light of all the attendant circumstances. The question, therefore, is whether the district court abused its discretion by including Estrada's

---

[6] United States v. Ashburn, 38 F.3d 803, 807 (5th Cir. 1994) (en banc) (further stating, "[w]e affirm a departure from the Guidelines if the district court offers acceptable reasons for the departure and the departure is reasonable.") (internal quotations omitted) (citations omitted).

[7] Id.; United States v. Martinez-Perez, 916 F.2d 1020, 1024 (5th Cir. 1990).

[8] United States v. Pennington, 9 F.3d 1116, 1118 (5th Cir. 1993).

remote convictions as "serious dissimilar" conduct.

My review of the record supports the district court's conclusion that when Estrada was convicted of escape from a federal half-way house, he was convicted of a serious crime, justifying inclusion in his CHC calculation. I reach this determination with some guidance from other federal courts that have addressed the issue.[9] The opinions cited by Estrada to advocate the opposite view are either inapposite or have been superceded.[10] Moreover,

---

[9] See United States v. Connelly, 156 F.3d 978, 984 (9thCir. 1998) (reviewing 9th Circuit case law determining that shoplifting, simple marijuana possession, and misdemeanor assault and battery were not serious, whereas assault with a deadly weapon, impersonating a military officer, first degree robbery, immigration violations, marijuana trafficking, prison fights, and public transportation fare evasion were serious) (citing cases); United States v. Lowe, 106 F.3d 1498, 1503 (10th Cir. 1997) (affirming the trial court's decision to depart upward where one of the reasons for the upward departure was a remote conviction for escape); United States v. Pratt, 940 F.Supp. 424, 427 (D.N.H. 1996) (finding that the defendant's prior convictions for criminal liability for the conduct of another and DWI were serious dissimilar conduct to the defendant's conviction for mailing threatening communications); cf. United States v. Cooper, 1996 WL 346953 *6-7 (D.D.C. 1996) (although declining to exercise its discretion to depart, noting that the defendant's remote convictions, including one for escape, were serious).

[10] Although I acknowledge counsel's service to this court as Estrada's court-appointed attorney, counsel must remain mindful that he is an officer of the court with the concomitant duty of complete candor. In his vigorous efforts to persuade this court, counsel has cited cases from other jurisdictions that address versions of the Sentencing Guidelines that are no longer in force and are thus irrelevant to the instant case. See e.g., United States v. Donaghe, 50 F.3d 608, 612 (9th Cir. 1995) (applying the pre-1992 version of the Sentencing Guidelines which did not expressly provide for inclusion of "serious dissimilar" conduct); United States v. Smallwood, 35 F.3d 414, 417 (9th Cir. 1994) (same); United States v. Stephenson, 887 F.2d 57 (5th Cir. 1989) (addressing only the time period for calculating the initial CHC

even if we were to assume that the district court erred in considering Estrada's escape to be serious, such error would be harmless. I do not quarrel with the district court's conclusion that when Estrada's remote convictions are not considered, his resulting CHC score does not adequately reflect the recurrent and sustained nature of his criminal past. The district court's thorough articulation of its reasons for the upward departure referenced but a few of the many criminal violations detailed in Estrada's PSR. Even though it was entitled to include other serious violations detailed in the PSR, such as Estrada's conviction for assault on a police officer for which he served 30 days in jail,[11] the district court expressly declined to do so. My point is that even if we were to reject the escape conviction as not serious, a surfeit of other criminal history matters remain to support an upward departure. Reviewing the record as a whole, I am convinced that the district court did not abuse its discretion by upwardly departing.

In summary, I respectfully concur with the panel's affirmance of Estrada's sentence, albeit my concurrence is grounded in the

---

score under § 4A1.2(e) and not discussing discretionary inclusion of convictions under § 4A1.3; abrogation on other Sentencing Guideline matters recognized by United States v. Johnson, 961 F.2d 1188, 1189 (5th Cir. 1992)). I would caution counsel henceforth to exercise greater care to avoid citing obviously inapplicable authority to this court.

[11] Coincidentally, this assault conviction occurred during the time of his absence from the federal half-way house following his escape.

belief that the court properly exercised its discretion after considering the substance of Estrada's objection. Because I believe that counsel's objection left the court no doubt about the basis, I find the application of plain error review inapposite here.