**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-20897**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**OSCAR ANTONIO SANTOS,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H-01-CR-259-1)**

April 30, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Oscar Antonio Santos appeals his sentence following his guilty plea to: conspiracy to commit mail theft, 18 U.S.C. § 371; unlawful possession of stolen mail, 18 U.S.C. §§ 2 & 1708; unlawful possession of a counterfeited United States Postal Service key, 18 U.S.C. §§ 2 & 1704; and illegal reentry after deportation, 8 U.S.C. § 1326. He challenges upward adjustments imposed pursuant to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 3C1.1 (obstruction of justice) and § 3B1.4 (use of minor to commit offense).

"A district court's finding that a defendant has obstructed justice under section 3C1.1 is a factual finding and thus, reviewed for clear error." *United States v. Storm*, 36 F.3d 1289, 1295 (5th Cir. 1994), *cert. denied*, 514 U.S. 1084 (1995). The finding that Santos obstructed justice when he misrepresented his identity and personal history to the probation officer was not clearly erroneous. Santos maintains his misrepresentations were not material; but, "a defendant's personal history is always pertinent to sentencing; the court must know whom it is sentencing in order to sentence properly". *United States v. Montano-Silva*, 15 F.3d 52, 53 (5th Cir. 1994) (per curiam).

Assuming *arguendo* error in the application of the U.S.S.G. § 3B1.4 enhancement, it was harmless; the enhancement did not affect the applicable Guideline range and the record indicates the district court would have imposed the same sentence regardless. *See* *United States v. Johnson*, 961 F.2d 1188, 1189-90 (5th Cir. 1992) (no remand required where error had no effect on applicable Guideline range and record as a whole does not suggest sentence was influenced by the error).

*AFFIRMED*

2