IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51124
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ABEL RODRIGUEZ, also known as Artemio Campos-Cortez,
also known as David Puga, Jr.,

                                        Defendant-Appellant.

**********
Consolidated with
No. 01-51196
**********

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ABEL RODRIGUEZ, also known as Artemio Cortez,
also known as David Puga,

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-539-ALL-DB
--------------------
September 11, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Abel Rodriguez appeals his conviction and sentence for illegal reentry and perjury.  He raises the following arguments: (1) his illegal reentry prosecution was barred by the statute of limitations; (2) his statements made during his initial appearance were inadmissible against him in his perjury prosecution; (3) the district court abused its discretion in denying his motion to sever; (4) his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000); (5) the district court erred in enhancing his sentence for obstruction of justice; and (6) the district court failed to provide adequate notice of the grounds for upward departure, and his perjury was an impermissible ground for upward departure.

Rodriguez's argument that the statute of limitations barred his illegal reentry prosecution is waived due to inadequate briefing.  See United States v. Green, 964 F.2d 365, 371 (5th Cir. 1992).  We construe the argument that Rodriguez's perjurious statement was not "material," as required by 18 U.S.C. § 1623, as challenging the sufficiency of the evidence and hold that his challenge fails because he has not shown that his identity was immaterial to the proceeding at issue.  See United States v. Westbrook, 119  F.3d 1176, 1189 (5th Cir. 1997); United States v. Montano-Silva, 15 F.3d 52, 53 (5th Cir. 1994).  To the extent that Rodriguez argues that his perjurious statement should have been suppressed because it was made in violation of his rights to counsel and to remain silent and that the burden of proof was

impermissibly shifted to him, those issues are also inadequately briefed and are waived. See Green, 964 F.2d at 371. We further hold Rodriguez has not established that the district court abused its discretion in denying his motion to sever or in denying his discovery request relating to the limitations issue. See United States v. Bullock, 71 F.3d 171, 174 (5th Cir. 1995) (severance); Beattie v. Madison County Sch. Dist., 254 F.3d 595, 605 (5th Cir. 2001) (discovery).

Regarding the alleged sentencing errors, Rodriguez's Apprendi v. New Jersey, 530 U.S. 466 (2000), argument is, as he concedes, foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). The argument that the district court erred in applying the obstruction-of-justice enhancement is inadequately briefed and thus waived. See Green, 964 F.2d at 371.

Although the district court erred insofar as it failed to provide notice prior to sentencing of the grounds on which it intended to upwardly depart from the guidelines, applying plain-error review, we find that on remand the district court could reinstate the same sentence by relying on a reasonable application of the Guidelines; therefore, Rodriguez has failed in his burden of proving prejudice from that error, and he has failed to establish that the sentence must be vacated. See United States v. Davenport, 286 F.3d 217, 219 (5th Cir. 2002); United States v. Alford, 142 F.3d 825, 830 (5th Cir. 1998).

AFFIRMED.