**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 25, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-21027
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS RODRIGUEZ-MARTINEZ,

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Southern District of Texas

———————————

Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:

Carlos Rodriguez-Martinez pleaded guilty to transportation of illegal aliens under circumstances that placed the life of a person in jeopardy in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II). He was sentenced to thirty-seven months' imprisonment and five years' supervised release. Rodriguez-Martinez appeals his sentence only and argues that the district court committed plain error by sentencing him to five years' supervised release, a term

in excess of the three year statutory maximum under 18 U.S.C. § 3559(a)(3). This contention was not raised in any form below. He asks this court to vacate his sentence and remand for resentencing.

The Government concedes plain error. The authorized term of imprisonment for a violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II) is not more than twenty years. 8 U.S.C. § 1324(a)(1)(B)(iii). This makes Rodriguez-Martinez's offense a Class C felony. 18 U.S.C. § 3559(a)(3). The authorized term of supervised release for a Class C felony is not more than three years. 18 U.S.C. § 3583(b)(2).

The sentence of five years' supervised release meets the plain error standard. *United States v. Moreci*, 283 F.3d 293, 300 (5th Cir. 2002). The only disagreement between the defendant and the Government is whether to remand for resentencing, or merely to modify the term of supervised release. There is no need to remand. The district court, having previously imposed the maximum five-year supervised release term (and sentenced to the guideline maximum term of imprisonment), would most likely impose the maximum of three years' supervised release again on remand. *See United States v. Hord*, 6 F.3d 276, 280 n.8 (5th Cir. 1993); *United States v. Johnson*, 961 F.2d 1188, 1189 (5th Cir. 1992). Rodriguez-Martinez's term of supervised release is accordingly modified to a term of three years.

AFFIRMED AS MODIFIED.