United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41581
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGER JAMES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CR-176-1
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roger James pleaded guilty to possession with intent to
distribute cocaine and was sentenced to 240 months' imprisonment
and three years' supervised release. He appeals his sentence,
arguing that the district court erred when it sentenced him
based on crack cocaine rather than powder cocaine when his
co-defendants were sentenced based on powder cocaine. He
contends that neither the probation officer nor the district
court judge attempted to determine how much of the powder cocaine

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

was converted to crack, and that if he were to be sentenced based on powder cocaine, his guideline range would be 210-262 months, allowing for a sentence below the 240 months imposed.

James' objection concerning the use of crack versus powder cocaine was discussed at length at the sentencing hearing. The district court ultimately concluded that, even if the guideline determination was based solely on powder cocaine, giving a guideline range of 210-262 months, the court would still impose the same sentence of 240 months because James had used his own two children as camouflage during one of the drug runs. Thus, even if we were to conclude that the district court erred in basing the sentence on crack cocaine rather than powder, which we do not decide, there is no need to remand because the district court would impose the identical sentence. See United States v. Hord, 6 F.3d 276, 280 n.8 (5th Cir. 1993); United States v. Johnson, 961 F.2d 1188, 1189 (5th Cir. 1992).

AFFIRMED.