**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4312**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

KEVIN DEWALT, a/k/a Kelvin Carter, a/k/a Brian
Carter, a/k/a Deshawn Carter, a/k/a Kevin
Deshann-Makel Dewalt, a/k/a Kelvin Dashaun
Dewalt,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
Chief District Judge.  (CR-03-416)

---

Submitted:  July 29, 2005          Decided:  February 8, 2006

---

Before NIEMEYER, LUTTIG, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Louis C. Allen, III, Federal Public Defender, Eric D. Placke,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Anna Mills Wagoner, United States Attorney, Michael A.
DeFranco, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Kevin DeWalt pled guilty to two counts of distributing cocaine base (crack), 21 U.S.C.A. § 841(a), (b)(1)(B) (West 1999 & Supp. 2005) (Counts Five and Six of a six-count indictment), and was sentenced to a term of 167 months imprisonment. DeWalt contends on appeal that the district court erred in rejecting his claim that three of his prior sentences were related cases pursuant to U.S. Sentencing Guidelines Manual § 4A1.2, comment. (n.3) (2003), because they were part of a common scheme or plan; the court found that only two of them were related. DeWalt also asserts that, in light of the Supreme Court's subsequent decisions in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the district court plainly erred in considering facts he did not admit when it adopted the probation officer's recommendations concerning the base offense level and criminal history.[1]

We review DeWalt's constitutional claims for plain error because he did not raise them in the district court. Fed. R. Crim. P. 52(b); United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). To demonstrate plain error, DeWalt must establish that

---

[1]The probation officer recommended a base offense level of 32 under USSG § 2D1.1(c)(4) (50-150 grams of crack), and a three-level reduction for acceptance of responsibility, USSG § 3E1.1. With sixteen criminal history points, DeWalt was in category VI. The recommended guideline range was 151-188 months.

error occurred, that it was plain, and that it affected his substantial rights. Id. at 547-48. If a defendant establishes these requirements, our "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 555 (internal quotation marks and citation omitted). As explained below, we conclude that no error occurred under Blakely or Booker. We agree that the court plainly erred when it failed to find that all three of the prior sentences in question were imposed in related cases because the offenses occurred on the same occasion. However, we decline to exercise our discretion to notice the error because DeWalt's sentence was within both the correct guideline range and the erroneous range used by the district court.

The factual basis for DeWalt's guilty plea described six sales of crack he made to an undercover agent between June 5, 2003, and August 7, 2003. At his guilty plea hearing, DeWalt stated that the factual basis was accurate. The total amount of crack DeWalt sold, 79.1 grams, was used to calculate a base offense level of 32 under USSG § 2D1.1(c)(4) (50-150 grams of cocaine base). DeWalt now maintains that he admitted distributing only the 40 grams of crack charged in Counts Five and Six. Citing Blakely, DeWalt asserts that his sentence is unconstitutional because it was based

on drug amounts that were not charged in the indictment, and neither proved to a jury beyond a reasonable doubt nor admitted by him.

In <u>Booker</u>, the Supreme Court held that <u>Blakely</u> applied to the federal sentencing guidelines and that the mandatory guidelines scheme that provided for sentence enhancements based on facts found by the court violated the Sixth Amendment. <u>Booker</u>, 543 U.S. at ___, 125 S. Ct. at 746-48, 755-56. When DeWalt acknowledged that the factual basis was accurate, he was unaware of the effect <u>Blakely</u> and <u>Booker</u> would later have on sentencing fact finding. Nonetheless, he was aware that the total quantity of crack set out in the factual basis would be used to calculate his guideline range. Therefore, no Sixth Amendment violation occurred in the calculation of his base offense level.

DeWalt also contests the entire calculation of his criminal history. He argues that the factual findings required to determine whether particular convictions are countable and how many points are assessed involve more than the mere fact of a prior conviction and therefore are subject to the requirements of <u>Blakely</u>. In effect, he argues that the prior conviction exception set out in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), may no longer be good law. This argument is foreclosed by the Supreme Court's reaffirmation of the <u>Almendarez-Torres</u> prior conviction exception in <u>Booker</u>. <u>See</u> <u>Booker</u>, 543 U.S. at ___, 125

- 4 -

S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").

In Shepard v. United States, 125 S. Ct. 1254, 1263-64 (2005), the Supreme Court held that Sixth Amendment protections apply to disputed facts about a prior conviction, id. at 1262-63, as distinguished from the mere fact of a prior conviction. In DeWalt's case, no Sixth Amendment violation occurred because the court did not consider any facts that DeWalt had not admitted. The court relied on the record of DeWalt's prior convictions and sentences and, to determine whether specific prior offenses were related cases, the court relied on testimony given by DeWalt himself. Cf. United States v. Washington, 404 F.3d 834, 843 (4th Cir. 2005) (finding that district court's reliance on disputed facts about the defendant's prior conviction violated the defendant's Sixth Amendment right to trial by jury). We conclude that DeWalt cannot show plain error under Booker in the calculation of his criminal history.

The district court erred in determining, over DeWalt's objection, that only two of three prior sentences were imposed in related cases. Prior sentences are considered related and treated as one sentence under USSG § 4A1.2(a)(2) if there is no intervening

arrest and the offenses (1) occurred on the same occasion, (2) were part of a common scheme or plan, or (3) were consolidated for trial or sentencing.  USSG § 4A1.2, comment. (n.3).  The prior sentences in dispute were imposed for three crimes committed during the evening of November 1, 1998, and ended after midnight on November 2, 1998.  They were:  misdemeanor resisting a public officer, felony larceny after breaking and entering, and felony larceny. DeWalt was sentenced for resisting a public officer on January 11, 1999.  He was sentenced for the larceny offenses on November 1, 2001.  The probation officer assigned two criminal history points for the sentence in each case.

In his sentencing memoranda and at the sentencing hearing, DeWalt maintained that the offenses were related because they were part of a common scheme or plan under USSG § 4A1.2, comment. (n.3).[2] DeWalt testified at sentencing that he and a co-defendant obtained a stolen U-Haul truck at about 10:00 p.m. and loaded it with appliances they stole from six mobile homes at an

---

[2]The relevant factors in deciding whether offenses are part of a single common scheme or plan are whether the crimes:  (1) were committed within a short period of time; (2) were committed in close geographic proximity; (3) involved the same substantive offense; (4) were directed at a common victim; (5) were solved during the course of a single criminal investigation; (6) shared a similar modus operandi; (7) were animated by the same motive; and (8) were tried and sentenced separately only because of an accident of geography. United States v. Breckenridge, 93 F.3d 132, 138 (4th Cir. 1996) (citations omitted).  Not all of these factors must be present for there to be a common scheme or plan, nor does the presence of a few of them require that finding.  Id.

Oakwood Homes sales lot. Around midnight, they fled when they were confronted by a security officer, but were quickly apprehended. The district court determined that the offenses of possession of the stolen truck and theft of the appliances were part of a common scheme or plan, and thus were related cases, while the resistance to arrest was unrelated. As a result of the court's ruling, DeWalt's criminal history score was decreased by two points. However, with fourteen points, DeWalt was still in category VI and the guideline range remained 151-188 months.

In the district court, DeWalt argued only that the prior offenses in question were related because they were part of a common scheme or plan. On appeal, he argues that all three offenses were related because they occurred on the same occasion, and were part of a common scheme or plan as well.

We are convinced that the three offenses occurred on the same occasion and thus were related cases under Application Note 3 to § 4A1.2. See United States v. Moreno-Arredondo, 255 F.3d 198, 204 (5th Cir. 2001) (the phrase "on the same occasion" should be applied with its ordinarily understood meaning, not as a term of art); United States v. Johnson, 961 F.2d 1188, 1188-89 (5th Cir. 1992) (two simultaneous driving offenses and defendant's subsequent failure to identify himself to police officer occurred on single occasion); United States v. Connor, 950 F.2d 1267, 1270 (7th Cir.

1991) (common sense definition of "occurred on a single occasion"[3] requires finding that offenses committed on same date occurred on the same occasion); United States v. Jones, 899 F.2d 1097, 1101 (11th Cir. 1990) (holding that two bank robberies, one and a half hours apart, were not committed on the same occasion because they were temporally distinct), overruled in part on other grounds, United States v. Morrill, 984 F.2d 1136 (11th Cir. 1993) (holding that bank tellers, as a class, are not vulnerable victims). DeWalt's offenses occurred over several hours on the same night as part of one continuous criminal activity.  We conclude that the district court erred in not finding that they occurred on the same occasion, and that the error was plain.

The government maintains that DeWalt began and ended the larcenies before he resisted the public officer and thus the offenses were not committed on the same occasion.  This position is not supported by the record.  DeWalt was arrested while he was in possession of the stolen U-Haul and still on the Oakwood Homes lot; the appliance theft had not been completed.  The government also argues that the offenses were not related because they involved different locations and victims.  This argument goes to whether the Breckenridge factors permit a conclusion that any of the offenses

_____

[3]Both Johnson, 961 F.2d at 1188-89, and Connor, 950 F.2d at 1270, interpreted the 1990 version of Application Note 3 to USSG § 4A1.2, which used the term "single occasion" instead of "same occasion."

were part of a common scheme or plan.  Although DeWalt contends on appeal that the three offenses were all part of a common scheme, we need not reach that question.

Had the district court determined that all three offenses were related because they occurred on the same occasion, DeWalt's criminal history score would have been reduced from 13 to 11, and he would have been placed in criminal history category V rather than VI.  With a final offense level of 29, DeWalt's guideline range would have decreased from 151-188 to 140-175 months.  Because the 167-month sentence imposed by the district court falls within both ranges, we conclude that the error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings.  We therefore decline to exercise our discretion to notice the error.

Accordingly, we affirm the sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>