United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-11415
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL REYES-MORALES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:05-CR-31-1
--------------------

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Rafael Reyes-Morales appeals from his guilty-plea conviction and sentence for illegal reentry after deportation. For the first time on appeal, he argues that the district court erred by assessing separate criminal history points for his prior sentences for sexual assault of a child and possession of a controlled substance. As the Government concedes, those two sentences are related for purposes of U.S.S.G. § 4A1.2(a)(2) because they occurred on the same occasion. See United States v. Moreno-Arredondo, 255 F.3d 198, 205 (5th Cir. 2001); United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Johnson, 961 F.2d 1188, 1189 (5th Cir. 1992). Because the correct advisory guideline range is less than the sentence imposed, we vacate Reyes-Morales's sentence and remand for resentencing consistent with this opinion. See United States v. Garza-Lopez, 410 F.3d 268, 275 (5th Cir. 2005).

Reyes-Morales's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Reyes-Morales contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Reyes-Morales properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, we AFFIRM Reyes-Morales's conviction, but we VACATE his sentence and REMAND for resentencing.