**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-50728
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JIM NATHAN MIKEL

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CR-71-ALL

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:*

Jim Nathan Mikel appeals the sentence imposed following the revocation of his supervised release. At the revocation hearing, the district court orally pronounced a sentence of 24 months of imprisonment, to be followed by a 48-month term of supervised release. The written order that followed, however, stated a three-year term of supervised release.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Where a conflict exists between an oral pronouncement and a written sentence, that conflict is resolved in favor of the oral sentence.[1] The 48-month term of supervised release imposed by the district court in the instant case, however, is above the maximum permitted by statute.[2] The 48-month term of supervised release is thus plain error.[3]

The record indicates that on remand the district court would likely impose the maximum term of supervised release, three years, which its written order has already attempted to impose. In the written order, issued after the oral pronouncement of sentence, the district court set out a three-year term of supervised release, suggesting that the district court realized the error. Moreover, at sentencing, the district court stated that it was "going to give [Mikel] as much help as I can to keep [him] off the drugs[,]" suggesting that the court intended to provide as much continued guidance to Mikel as possible in Mikel's efforts to discontinue his illegal drug use. Because the district court would most likely impose the same term of supervised release on remand, the Government's motion to modify the term of supervised release and summarily affirm is GRANTED, the term of supervised release is hereby MODIFIED to a term of three years, and the judgment of the district court is AFFIRMED AS

---

[1] *U.S. v. Mireles*, 471 F.3d 551, 557-58 (5th Cir. 2006) (citations omitted).

[2] *See* 18 U.S.C. § 1343 (setting maximum term of 30 years of imprisonment for offense of fraud by wire, radio, or television); 18 U.S.C. § 3559(a)(2) (classifying as a Class B felony an offense for which the maximum term of imprisonment is 25 years or more); 18 U.S.C. § 3583(h) (providing that the available term of supervised release following revocation is the original permissible term of supervised release—five years—minus the term of imprisonment imposed upon revocation—24 months).

[3] *See U.S. v. Rodriguez-Martinez*, 329 F.3d 419, 420 (5th Cir. 2003).

MODIFIED.[4]  The Government's alternative motion for an extension of time to file appellee's brief is DENIED.

---

[4] *See id.* at 420.