**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 19, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40516
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLAYTON HARRIS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:02-CR-97-ALL
--------------------

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

Clayton Harris, whose actual name is Clyde Bates, appeals his sentence for possession with intent to distribute five or more kilograms of cocaine. See 21 U.S.C. § 841. His argument that the district court clearly erred in increasing his offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1 is without merit. In addition to other instances, Bates used the Harris alias when he appeared before the magistrate judge for his detention hearing. The two-level adjustment was therefore appropriate.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 3C1.1, comment. (n.4(f)); <u>United States v. McDonald</u>, 964 F.2d 390, 392-93 (5th Cir. 1992).

There is no merit in Bates' argument that the district court should have awarded him a three-level downward adjustment for acceptance of responsibility. <u>See</u> U.S.S.G. § 3E1.1. Although Bates entered a plea of guilty prior to the commencement of trial, his failure to reveal the source of the narcotics or how they got into the car was construed by the court either as a failure to admit the conduct comprising the offense of conviction or as a false denial of relevant conduct (i.e., denial of knowledge that others hid the narcotics in the car). <u>See</u> U.S.S.G. § 3E1.1, comment. (n.3). The court's reliance on the PSR for this determination was not error. <u>United States v. Brown</u>, 54 F.3d 234, 242 (5th Cir. 1995). Moreover, the two-level adjustment under U.S.S.G. § 3C1.1 indicates that Bates was not entitled to a reduction for acceptance of responsibility. <u>See</u> U.S.S.G. § 3E1.1, comment. (n.4).

Bates' argument that the district court erred in not awarding him a "safety valve" reduction pursuant to U.S.S.G. § 5C1.2 is without merit. The district was free to adopt the PSR's conclusion that Bates did not provide information regarding the source of the cocaine or how it got into the vehicle but instead denied any knowledge of such facts. <u>See</u> <u>Brown</u>, 54 F.3d at 242. He was therefore disqualified by § 5C1.2(a)(5) from receiving a safety valve reduction.

AFFIRMED.