United States Court of Appeals
Fifth Circuit

F I L E D

May 26, 2005

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 03-40516

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

CLAYTON HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
m 4:02-CR-97-ALL

_____

Before SMITH and WIENER,
    Circuit Judges.*

PER CURIAM:**

This court affirmed the sentence of defendant Clayton Harris, whose real name is Clyde Bates. *United States v. Harris*, 96 Fed. Appx. 182 (5th Cir. 2004) (per curiam). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). *Harris v. United States*, 125 S. Ct. 1040 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker*.

Harris claims there is error under *Booker* because his sentencing level was increased by two under the then-mandatory federal sentencing guidelines because the district court, rather than a jury, made the factual finding that Harris had engaged in obstruction of justice. The government seems to concede, albeit reluctantly, that this was plain error, and we agree.

The government correctly contends the plain error standard of review should apply because Harris did not preserve a Sixth Amend-

ment error. Harris relies on the fact that he did object to the evidence on which the court found obstruction. He did not, however, object that those facts were being decided by the court rather than the jury. This was inadequate to preserve the error that Harris now asserts based on *Booker*.

Because no Sixth Amendment objection was raised in the district court, we review for plain error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04-9517). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)).

To show that his substantial rights are affected, Harris must "point[] to . . . evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system." *United States v. Taylor*, No. 03-10167, 2005 U.S. App. LEXIS 8701, at *4 (5th Cir. May 17, 2005) (per curiam) (citations omitted). Harris points to the fact that the court sentenced him to the lowest sentence under the applicable guideline range. He refers, however, to no evidence indicating the court's displeasure with the guidelines themselves or with the reasonableness of the sentencing range designated by the guidelines. Thus, he does not demonstrate that the court would have imposed a different sentence if it had deemed the guidelines to be only advisory.

The judgment of sentence is AFFIRMED.

---

* Judge Duhé was a member of this panel when the opinion issued on April 19, 2004. Although he remains a Senior Circuit Judge on this court, he is currently not hearing cases. Accordingly, this matter is decided by a quorum. *See* 28 U.S.C. § 46(d).

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.