United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40853
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID SANCHEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-716-ALL
--------------------

Before JONES, Chief Judge, and KING and DAVIS, Circuit Judges.

PER CURIAM:*

David Sanchez appeals from his conviction of possession with intent to distribute marijuana.

Sanchez contends that his guilty plea was involuntary because it was influenced by the statements of the district court, the prosecutor, and defense counsel that he had committed perjury in his IFP application and during his initial appearance, and by the prosecutor's threat to prosecute him for perjury. He argues that the record does not support a finding that he committed perjury or made false statements. He asserts that the district court

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

improperly participated in the plea negotiation process during the pretrial hearing.  He further asserts that his plea was rendered involuntary by ineffective assistance of counsel.

Sanchez was properly chargeable with perjury.  The prosecutor's statement that he intended to charge Sanchez with perjury if Sanchez testified at his trial was not improper.  See Bordenkircher v. Hayes, 434 U.S. 357, 364-65 (1978).  Sanchez's statements in his IFP application and at his initial appearance were inconsistent with defense counsel's theory of the case.  The statements likely would have seriously undermined that theory of the case.  Without a plausible defensive theory, a conviction was likely on the facts articulated in support of Sanchez's plea agreement.  Counsel was not ineffective for counseling Sanchez to plead guilty.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  The district court's statements regarding the evidence of perjury were made during a discussion of the admissibility of that evidence; there was no plea negotiation procedure in which the district court could intervene.  See United States v. Reasor, 418 F.3d 466, 478 (5th Cir. 2005).

Sanchez contends that the district court erred by adjusting his offense level for obstruction of justice based on his financial affidavit and/or his statements at the initial appearance and that counsel was ineffective for failing to object to the adjustment. The relevant guideline commentary lists "producing or attempting to produce a false, altered, or counterfeit document or record during

2

an official investigation or judicial proceeding" as a ground for the obstruction adjustment.  U.S.S.G. § 3C1.1, comment. (n.4(c)). False statements on a financial affidavit can serve as the basis for the obstruction adjustment.  See United States v. McDonald, 964 F.2d 390, 392 (5th Cir. 1992) (using an alias on financial affidavit).  Moreover, because the adjustment was appropriate, counsel was not deficient for failing to oppose it.  See Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990) (counsel is not required to make futile objections).

AFFIRMED.