**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 14, 2013

Lyle W. Cayce
Clerk

No. 12-51283
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO IVAN ARANA-VENTURA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-80-1

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.
PER CURIAM:[*]

Prior to pleading guilty to a charge of being illegally present in the United States following deportation, the appellant made an initial appearance before the magistrate judge (MJ) and responded affirmatively when asked if his real name was Francisco Ivan Arana-Ventura. (Arana-Ventura). However, when interviewed by the probation officer following his plea, he revealed for the first time that his true name was Santos Lucio Cornejo. The district court applied an adjustment for obstruction of justice because Arana-Ventura had used a false

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

name before the MJ, and the district court also denied credit for acceptance of responsibility.

Arana-Ventura contends that the district court clearly erred by denying a reduction for acceptance of responsibility.  He asserts that he provided information that permitted investigators to learn all they needed to prosecute and sentence him.  He notes that the majority of his criminal history was discoverable under the name "Arana-Ventura," and he further notes that he eventually provided his true name to the probation officer, which enabled discovery of his remaining previous conviction.  He argues that his conduct is consistent with acceptance of responsibility and that his is an extraordinary case in which conduct amounting to obstruction of justice does not indicate lack of acceptance of responsibility.  The parties dispute the standard of review, but we need not decide the applicable standard because, as discussed below, Arana-Ventura cannot prevail even assuming that the issue was preserved. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Conduct resulting in an enhancement for obstruction of justice ordinarily "indicates that the defendant has not accepted responsibility for his criminal conduct." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (quoting U.S.S.G. § 3E1.1, comment. (n.4)).  Only in "extraordinary cases" will both adjustments apply.  § 3E1.1, comment. (n.4).  The defendant bears the burden of proving entitlement to the reduction. *United States v. Thomas*, 120 F.3d 564, 574-75 (5th Cir. 1997).

Because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, his analysis of this issue must be afforded "great deference" on review.  § 3E1.1, comment. (n.5).  Deferring to the district court's unique position, we examine the denial of a reduction for acceptance of responsibility "under a standard of review even more deferential than a pure clearly erroneous standard." *United States v. Outlaw*, 319 F.3d 701, 705 (5th Cir. 2003) (internal quotation marks and citation omitted).

Although Arana-Ventura ultimately provided his true name to authorities, he concealed his identity until after he had pleaded guilty, and he used an alias before the MJ and at his guilty plea hearing. This conduct served to conceal, at least temporarily, his previous immigration conviction, and it warranted an adjustment for obstruction of justice under § 3C1.1, comment (n.4), which states that the adjustment applies where the defendant "provid[es] materially false information to a judge or magistrate." *United States v. McDonald*, 964 F.2d 390, 392-93 (5th Cir. 1992). The fact that Arana-Ventura came forward with his real name after he pleaded guilty does not make his an extraordinary case in which credit for acceptance of responsibility is warranted even though an adjustment for obstruction of justice applies. *See United States v. Chung*, 261 F.3d 536, 540-41 (5th Cir. 2001). The district court's denial of credit for acceptance of responsibility must be upheld as it is not "without foundation." *See United States v. Solis*, 299 F.3d 420, 458 (5th Cir. 2002) (quotation marks and footnote omitted).

AFFIRMED.